1
2
3
4
5
6
7

U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

8

ANTHONY JAMES LEO, on behalf of himself
and all others similarly situated,

NO.

9

Plaintiff,

**CLASS ACTION COMPLAINT**

10

vs.

**<u>JURY DEMAND</u>**

11

APPFOLIO, INC.,

12

Defendant.

13
14
15

## I.  PRELIMINARY STATEMENT

16

On behalf of himself and all others similarly situated, Plaintiff Anthony James Leo

17

("Plaintiff" or "Mr. Leo"), by and through his attorneys, Francis & Mailman, PC, and Terrell

18

Marshall Law Group, PLLC, respectfully allege as follows:

19

## II.  NATURE OF THE ACTION

20

1.      This is a consumer class action brought for violations of the Fair Credit Reporting

21

Act, 15 U.S.C. §§ 1681-1681x ("FCRA"), against Defendant AppFolio, Inc. ("Defendant" or

22

"AppFolio"), a consumer reporting agency ("CRA"). Defendant deprives consumers of their

23

rights under the FCRA by failing to comply with the law and refusing to adopt procedures to

24

assure maximum possible accuracy of a consumer's information before it prepares consumer

CLASS ACTION COMPLAINT - 1

reports. Defendant furthermore systemically fails to clearly and accurately identify to consumers the source of the public record information (such as eviction records) that it places on their consumer reports. Defendant thus deprives consumers of valuable congressionally-mandated information and makes it more difficult for consumers such as Plaintiff to correct errors relating to these public records that are caused by Defendant and/or its private vendor sources, but not by any courthouse or other government body that Defendant misidentifies as its source. Further, Defendant deprives consumers of their rights under the FCRA by failing to disclose the identity of each person or end-user that has obtained the consumers' credit reports.

### III.  PARTIES

2.      Plaintiff Anthony James Leo is an adult individual residing in Tacoma, Washington and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

3.      Defendant AppFolio is a "person" and "consumer reporting agency" as defined by 15 U.S.C. § 1681a(b) and 15 U.S.C. § 1681a(f), respectively. Defendant is authorized to do business in the State of Washington, has substantial contacts in this District, and is headquartered at 50 Castilian Drive, Goleta, California, 93117.

### IV.  JURISDICTION & VENUE

4.      Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

5.      Venue lies properly in this District pursuant to 28 U.S.C. § 1391(b).

### V.  FACTUAL ALLEGATIONS

**A.      AppFolio Fails to Accurately Report Consumer Information**

6.      Defendant is regulated by the FCRA and sells consumer reports (commonly called "credit reports") about thousands of consumers. Defendant regularly sells credit reports for residential screening purposes.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

7.      Defendant fails to follow reasonable procedures to assure the maximum possible accuracy regarding the information it sells about consumers. *See* 15 U.S.C. § 1681e(b).

8.      One of the most well-known and prevalent inaccuracies that occur in the consumer reporting industry is a "mixed file."

9.      A mixed file is a consumer report in which some or all of the information in the report pertains to an individual who is not the subject of the report.

10.      The main cause of mixed files is a CRA's failure to use full identifying information to match records to the personal identifying information of consumers who are the subjects of its reports.

11.      Defendant AppFolio's standard practice is to use only partial matching and not full identifying information in preparing consumer reports.

12.      Specifically, AppFolio does not require a match to full identifying information (such as full last name and first name; middle initial; full street address; zip code; year of birth; any generational designation; and social security number) before preparing a report that it attributes to a particular consumer and sells about that consumer.

13.      Defendant employs policies and procedures that do not include the use of a reasonable number of identifiers, or even a precise first and last name, and that frequently allow the information belonging to one consumer to appear in the consumer file of another.

14.      Furthermore, Defendant does not require that the identifiers that it does use to match character-for-character. For example, Defendant does not require names to match character-for-character.

15.      Defendant employs these loose matching procedures in order to maximize the number of reports it generates and sells, regardless of the accuracy of those reports. AppFolio intentionally employs procedures that maximize the likelihood of a match between any inquiry

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    and some data in its database about one or more consumers, purposefully prioritizing quantity of

2    matches over accuracy of matches.

3        16.    Defendant's reporting of inaccurate public record information is not accidental,

4    nor a result of simple negligence, but instead a result of deliberately designed policies and

5    procedures.

6    **B.    AppFolio Fails to Disclose the True Source of its Public Records Information**

7        17.    Defendant obtains its information about evictions, civil judgments or liens (*i.e.*,

8    "public records" information) from other private businesses, or "vendors."

9        18.    AppFolio does not retrieve public records from courthouses or actual government

10    offices.

11        19.    Nevertheless, on its credit reports that it provides to third parties regarding

12    consumers and to the consumers themselves, AppFolio falsely lists the names and addresses of

13    courthouses or other government offices as the true "source" of its public record information.

14        20.    The public record information that Defendant receives from its vendors is not the

15    actual court records. Rather, Defendant receives a distilled version of court records, which does

16    not include all of the information available at the actual courthouses or government offices where

17    the true records are housed.

18        21.    Defendant knows that both it and its public records vendors make mistakes in the

19    distilled public records information that is acquired for purposes of credit reporting.

20        22.    These distilled records frequently have numerical and other factual errors, do not

21    contain the most updated status of the public records, invert the debtor and creditor, and are

22    placed in the wrong consumer's file.

23

24

CLASS ACTION COMPLAINT - 4

23.     Further, the FCRA unambiguously requires CRAs such as Defendant to "clearly and accurately disclose to the consumer" who requests his or her credit file "the sources" that supplied any "information" to the CRA about that consumer. 15 U.S.C. § 1681g(a)(2).

24.     Disclosure of the true source of a CRA's information is vital so that certain credit reporting errors that originate at the source can be corrected, and so that consumers always know who is furnishing important credit information about them.

25.     Nevertheless, and despite the clear mandate of FCRA § 1681g(a)(2), Defendant never discloses to consumers the true sources of the public records information that it collects and reports about them.

26.     In this regard, Defendant is more interested in maintaining the appearance that it receives actual public records from true government sources and in protecting its low-cost private sources of public records data than in disclosing to consumers vital information that Congress required CRAs to disclose pursuant to § 1681g(a)(2).

**C.     AppFolio Fails to Disclose the Identity of Each Person Including End-Users that Has Procured A Consumer's Report**

27.     Defendant maintains records in consumer files of each person including end-users that procure an AppFolio consumer report.

28.     Defendant also maintains billing records of each person including end-users that procure an AppFolio consumer report.

29.     As part of a file disclosure to a consumer, Defendant is required to disclose the identity of each person or end-user who has requested that consumer's report for any purpose within a one-year period prior to the date that the consumer made the request. 15 U.S.C. §1681g(a)(3)(A)(ii).

CLASS ACTION COMPLAINT - 5

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

30.     Disclosure of the identity of everyone who has requested a consumer's report is vital so that a consumer can always be aware of who has obtained important credit information about them.

31.     Nevertheless, and despite the clear mandate of 15 U.S.C. § 1681g(a)(3)(A)(ii), Defendant never discloses to consumers the identity of each person including end-users who have requested a consumer's credit report information.

**D.      The Experience of the Representative Plaintiff**

32.     Plaintiff is a consumer about whom Defendant sold inaccurate public record information, and to whom Defendant failed to disclose information as required by the FCRA.

33.     On or about October 16, 2016, Plaintiff applied for an apartment with Aspen Real Estate & Property Management Group NW, Inc. ("Aspen Real Estate").

34.     On or about October 17, 2016, Aspen Real Estate ordered an AppFolio consumer tenant screening report for Plaintiff, after obtaining the Plaintiff's name, address, social security number and date of birth, which Plaintiff provided as part of his credit application, and which Aspen Real Estate transmitted to Defendant in seeking a credit report about Plaintiff.

35.     Defendant sold Aspen Real Estate an AppFolio consumer report purportedly about Plaintiff that same day for a fee.

36.     Despite having been provided with Plaintiff's name, address, social security number and date of birth, Defendant did not use all of those personal identifiers in determining whether Plaintiff had a public record history.

37.     The consumer report Defendant sold to Aspen Real Estate about Plaintiff inaccurately stated that he had an eviction record from 2015, even though the record states that the eviction defendant was "Tanya Lee" and occurred in West Greenville, South Carolina.  This

CLASS ACTION COMPLAINT - 6

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

eviction record belongs to an unrelated person, and Plaintiff does not have a civil judgment for an eviction from 2015 in West Greenville, South Carolina.

38.     This mixing of the files was a result of Defendant's use of an imprecise name matching procedure to match eviction records to apartment rental applicants, such as Plaintiff.

39.     The name matching procedure is so imprecise that it does not account for the fact that neither the first name nor the last name matched character-for-character.

40.     On or about October 17, 2016, Aspen Real Estate denied Plaintiff's lease application in substantial part because the AppFolio report included a record of a recent eviction.

41.     When Plaintiff learned he had been denied because of a recent eviction from West Greenville, South Carolina, he was shocked and concerned. Mr. Leo contacted the West Greenville Summary Court on several occasions over the next two-week period, and it was confirmed to him that the eviction did not belong to him, but to an unrelated individual named "Tanya Lee."

42.     In or around April 2017, Plaintiff sent correspondence to AppFolio requesting a copy of his "complete file."

43.     On or about May 3, 2017, Plaintiff received a copy of his file from AppFolio.

44.     In the May 2017 disclosure, Defendant represented its source for the public record of the 2015 eviction was "Court West Greenville, Greenville."

45.     Upon information and belief, Defendant did not obtain any public record information about Plaintiff or about any consumer from a court in West Greenville, South Carolina.

46.     Rather, Defendant obtained this public record information from one of its private vendors.

CLASS ACTION COMPLAINT - 7

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

47.     Nevertheless, and pursuant to its systematic practice, Defendant failed to disclose to Plaintiff any information about its vendor, Defendant's true source of the public record at issue.

48.     In the May 2017 disclosure to Plaintiff, Defendant also failed to disclose the identity of each person including end-users that procured a consumer report about Plaintiff within the previous year.

49.     Notwithstanding the FCRA's requirements, AppFolio deprived Plaintiff of this valuable information according to its standard practice and procedure.

50.     At all times pertinent hereto, Defendant's conduct was a result of its deliberate policies and practices, was willful, and carried out in reckless disregard for a consumer's rights as set forth under § 1681e(b), § 1681g(a)(2), § 1681g(a)(1) and § 1681g(a)(3)(A)(ii) of the FCRA, and further assumed an unjustifiable high risk of harm.

51.     As of result of Defendant's conduct, Plaintiff has suffered damages in the form of (a) lost rental opportunity, (b) harm to reputation, and (c) emotional distress.

52.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

## VI.  CLASS ACTION ALLEGATIONS

53.     Plaintiff brings this action pursuant to the Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of the following Classes:

a.     All persons residing in the United States (including all Territories and other political subdivisions of the United States), beginning five years prior to the filing of this Complaint and continuing through the resolution of this action, about whom AppFolio furnished a consumer report which included one or more record(s) which did not pertain

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

to the person who was the subject of the report, as a result of AppFolio's matching procedures.

b.      All persons residing in the United States (including all Territories and other political subdivisions of the United States), beginning five years prior to the filing of this Complaint and continuing through the resolution of this action, about whom AppFolio furnished a consumer report which included one or more record(s) for which the first or last name on the record was different from the first or last name of the consumer who was the subject of the report.

c.      All persons residing in the United States (including all Territories and other political subdivisions of the United States), beginning five years prior to the filing of this Complaint and continuing through the resolution of this action to whom AppFolio provided a credit file disclosure which did not identify the end-user(s) to whom AppFolio had sold a consumer report within the previous twelve months.

d.      All persons residing in the United States (including all Territories and other political subdivisions of the United States), beginning five years prior to the filing of this Complaint and continuing through the resolution of this action, (a) who requested their consumer file from AppFolio or any of its affiliated companies or subsidiaries, and (b) to whom AppFolio provided a response that did not include any reference to its public records vendor as the source of public records information within the consumer's file disclosure.

54.     Plaintiff reserves the right to amend the definition of the Classes based on discovery or legal developments.

55.     **Numerosity. FED. R. CIV. P. 23(a)(1).** The Class members within each Class are so numerous that joinder of all is impractical. Upon information and belief Defendant procures and sells hundreds if not thousands of consumer reports each year, and those persons' names and addresses are identifiable through documents maintained by Defendant.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

56.     **Existence and Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Classes and predominate over the questions affecting only individual members. The principal questions concern whether Defendant violated the FCRA by misrepresenting the true source of its public records information from its consumer file disclosures, as well as whether the Defendant follows reasonable procedures to assure maximum possible accuracy of the information contained in consumers' files, and disclosed all end users who procured the consumer's report.

57.     **Typicality. FED. R. CIV. P. 23(a)(3).** Plaintiff's claims are typical of the claims of each Class member. Plaintiff has the same claims for statutory and punitive damages as Class members, arising out of Defendant's common course of conduct.

58.     **Adequacy. FED. R. CIV. P. 23(a)(4).** Plaintiff is an adequate representative of the Classes. His interests are aligned with and are not antagonistic to, the interests of the members of the Classes he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously. Plaintiff and his counsel will fairly and adequately protect the interests of members of the Classes.

59.     **Predominance and Superiority. FED. R. CIV. P. 23(b)(3).** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Classes individually to redress effectively the wrongs done to them. Even if the members of the Classes themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   inconsistent or contradictory judgments and increases the delay and expenses to all parties and to

2   the court system presented by the complex legal and factual issues raised by Defendant's

3   conduct. By contrast, the class action device will result in substantial benefits to the litigants and

4   the Court by allowing the Court to resolve numerous individual claims based upon a single set of

5   proof in a unified proceeding.

## VII. CAUSES OF ACTION

### COUNT I

### 15 U.S.C. § 1681e(b)

9   60.   Plaintiff incorporates the foregoing paragraphs as though the same were set forth

10  at length herein.

11  61.   Plaintiff is a "consumer," as defined by the FCRA, 15 U.S.C. § 1681a(c).

12  62.   The AppFolio report Defendant sold to Aspen Real Estate is a "consumer report"

13  within the meaning of 15 U.S.C. § 1681a(d).

14  63.   Pursuant to 15 U.S.C. §§ 1681n and 1681o of the FCRA, Defendant is liable for

15  failing to follow reasonable procedures to assure maximum possible accuracy of the consumer

16  reports it sold in violation of 15 U.S.C. § 1681e(b).

### COUNT II

### 15 U.S.C. § 1681g(a)(2)

19  64.   Plaintiff incorporates the foregoing paragraphs as though the same were set forth

20  at length herein.

21  65.   Pursuant to 15 U.S.C. §§ 1681n and 1681o, Defendant is liable for failing to

22  accurately and clearly disclose the true source of its public record information in consumer file

23  disclosures, in violation of 15 U.S.C. § 1681g(a)(2).

24

CLASS ACTION COMPLAINT - 11

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## COUNT III

### 15 U.S.C. § 1681g(a)(1)

66.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

67.     Pursuant to 15 U.S.C. §§ 1681n and 1681o, Defendant is liable for failing to clearly and accurately disclose all information in the consumer's file at the time of a consumer's request, in violation of 15 U.S.C. § 1681g(a)(1).

## COUNT IV

### 15 U.S.C. §g(a)(3)(A)(ii)

68.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

69.     Pursuant to 15 U.S.C. §§ 1681n and 1681o, Defendant is liable for failing to accurately and completely disclose, upon the request of a consumer, the identity of each person including end-users who have requested consumer file disclosures, in violation of 15 U.S.C. § 1681g(a)(3)(A)(ii).

## VIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Classes pray for relief as follows:

A.      An order certifying the case as a class action on behalf of the proposed Classes under Federal Rule of Civil Procedure 23 and appointing Plaintiff and the undersigned counsel of record to represent same;

B.      An award of actual, statutory and punitive damages for Plaintiff and the Classes;

C.      An award of pre-judgment and post-judgment interest as provided by law;

D.      An award of attorney's fees and costs; and

E.      Such other relief as the Court deems just and proper.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## IX.  TRIAL BY JURY

Plaintiff hereby requests a trial by jury on those causes of action where a trial by jury is allowed by law.

RESPECTFULLY SUBMITTED AND DATED this 27th day of September, 2017.

TERRELL MARSHALL LAW GROUP PLLC

By:   /s/ Beth E. Terrell, WSBA #26759
Beth E. Terrell, WSBA #26759
Email:  bterrell@terrellmarshall.com

By:   /s/ Erika L. Nusser, WSBA #40854
Erika L. Nusser, WSBA #40854
Email:  enusser@terrellmarshall.com

By:   /s/ Elizabeth A. Adams, WSBA #49175
Elizabeth A. Adams, WSBA #49175
Email: eadams@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

James A. Francis*
Email: jfrancis@consumerlawfirm.com
John Soumilas*
Email: jsoumilas@consumerlawfirm.com
FRANCIS & MAILMAN, P.C.
Land Title Building,19th Floor
100 South Broad Street
Philadelphia, Pennsylvania 19110
Telephone: (215) 735-8600
Facsimile: (215) 940-8000

*Pro hac vice applications forthcoming

*Attorneys for Plaintiff*

CLASS ACTION COMPLAINT - 13