# — EXHIBIT  1 —

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

ANTHONY JAMES LEO, on behalf of himself
and all others similarly situated,

        Plaintiff,

    vs.

APPFOLIO, INC.,

        Defendant.

NO.  3:17-cv-05771-RJB

**CLASS SETTLEMENT AGREEMENT AND RELEASE**

    This Settlement Agreement and Release ("Agreement") is hereby entered into by and between (1) Anthony James Leo (the "Class Representative")—individually and on behalf of the Settlement Class Members defined below—and (2) Defendant, AppFolio, Inc. (collectively, the "Parties").[1]

    By this Agreement, the Parties intend, with judicial approval, to fully, finally and forever resolve the Litigation in its entirety and with prejudice, and discharge and settle all released rights and claims to the full extent set forth below.

**RECITALS**

    WHEREAS, by the Litigation, the Class Representative asserted claims, including the Class Claims, against Defendant for alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA");

    WHEREAS, the purpose of this Agreement is to settle and fully resolve the Class Claims of the Class Representative and Settlement Class Members;

    WHEREAS, Defendant denies any liability under the FCRA and denies that class certification would have been appropriate in this Litigation.  Defendant further denies that it engaged in any non-willful or willful violation of the FCRA.  As part of the Agreement, Defendant specifically denies that it engaged in any wrongdoing, denies the allegations in the Complaint, denies that Defendant is liable for damages, penalties, interest, attorneys' fees or costs, or any other remedy, and denies that any claim asserted by the Class Representative is suitable for class treatment other than for settlement purposes.  The Agreement is not and shall not in any way be deemed to constitute an admission or evidence of any wrongdoing or liability

---

[1]    Capitalized terms shall have the meaning and definitions set forth in Section 1 of this Agreement.

on the part of Defendant, nor of any violation of any federal, state, or municipal statute, regulation, or principle of common law or equity.  Defendant has agreed to settle the Litigation solely to avoid the burden, expense, and possible uncertainty of the Litigation;

WHEREAS, counsel for the Parties have conducted an extensive investigation of the facts and claims alleged in the Litigation, including, but not limited to, reviewing documents and data, serving and responding to written discovery requests, and taking multiple depositions;

WHEREAS, the Parties have engaged in extensive arm's-length negotiations, both through conferences directly between the Parties' counsel and with the assistance of a mediator. The Parties reached a settlement after jointly retaining the services of an experienced mediator, Rodney Max, Esq., and engaging in an adversarial day-long mediation, and further engaging in additional arms-length negotiations in the days and weeks after that mediation;

WHEREAS, based upon their analysis and their evaluation of a number of factors, and recognizing the substantial risks of continued litigation, including the possibility that the Litigation, if not settled now, might not result in any recovery for the Class Representative and the Settlement Classes, or might result in a recovery that is less favorable to the Class Representative and the Settlements Classes, the Class Representative and Class Counsel are satisfied that the terms and conditions of the Settlement are fair, reasonable and adequate and that this Agreement is in the best interests of the Class Representative and the Settlement Classes; and

WHEREAS, this Agreement is contingent upon approval of class certification for settlement purposes only.  Defendant expressly reserves the right to challenge the propriety of class certification for any other purpose should the Court not approve the Agreement.

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties hereto agree to a full and complete settlement of the Litigation on the following terms and conditions:

## 1. DEFINITIONS

The following definitions apply to this Agreement.  Each defined term set forth above and herein appears throughout in initial capital letters and shall have the following meanings ascribed to them.

1.1. **"1681e(b) Settlement Class"** means: All natural persons who, between September 27, 2015 and August 10, 2018: (i) were the subject of a consumer report prepared by Defendant which contained public record information that the person disputed with Defendant (the "**Automatic Payment Group**"); and/or (ii) were the subject of a consumer report prepared by Defendant which contained a public record or records where the first and/or last name on the public record(s) did not match character-for-character to the first and/or last name on the person's rental application (the "**Claim Form Group**").

1.2.   **"1681g Settlement Class"** means: All natural persons residing within the United States and its territories who, from September 27, 2015 to August 10, 2018, made a request for information to Defendant and to whom Defendant sent a copy of a consumer report it had previously provided to a third party.  By referring to this Class as the "1681g Settlement Class," Defendant does not concede, and instead expressly denies, that any individual who only requested a copy of their report made a request pursuant to 15 U.S.C. § 1681g.

1.3.   **"Administrative Costs"** means all amounts owed to the Settlement Administrator for administering this Agreement.  All Administrative Costs shall be paid from the Settlement Fund.

1.4.   **"Agreement"** means this Class Settlement Agreement and Release, which includes all its Recitals and all the attached Exhibits.

1.5.   "**CAFA**" means the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1715(a)-(d).

1.6.   "**CAFA Notice**" means notice of this proposed settlement to the appropriate federal and state officials, as required by CAFA, which shall be prepared by the Settlement Administrator.

1.7.   "**Claim Form**" means the document, in the form of Exhibit I, to be sent by the Settlement Administrator to members of the 1681e(b) Settlement Class in the Claim Form Group, together with the Settlement Notice.

1.8.   "**Claimant**" means a member of the 1681e(b) Settlement Class in the Claim Form Group who timely files a valid Claim attesting that (a) his or her consumer report included a public record that did not belong to him or her; and (b) the inclusion of such record on his or her consumer report caused him or her to be denied for a rental property or resulted in some other form of harm.

1.9.   "**Claims Submission Deadline**" means the date sixty (60) days after the date of mailing of the Settlement Notice by which all Claim Forms must be submitted.

1.10.  "**Class Claims**" means the claims asserted in the Litigation under Section 1681e(b) of the FCRA, 15 U.S.C. § 1681e(b), and Section 1681g of the FCRA, 15 U.S.C. § 1681g.

1.11.  "**Class Counsel**" means James A. Francis, John Soumilas, and Lauren KW Brennan of Francis & Mailman, P.C., and Beth E. Terrell and Erika L. Nusser of Terrell Marshall Law Group, PLLC.

1.12.  **"Class Counsel Fees"** means the amount of attorneys' fees and costs that the Court awards in connection with resolving the Litigation in accordance with this Agreement and the Fee Petition.

1.13.  **"Class Members"** mean those individuals who for purposes of this Agreement will be certified as members of either the 1681e(b) Settlement Class or the 1681g Settlement Class and who do not file a timely and valid Request for Exclusion.

1.14.  **"Class Member Payment"** means the amount the Settlement Administrator distributes from the Net Settlement Amount to each 1681e(b) Settlement Class Member in the Automatic Payment Group and to each 1681e(b) Settlement Class Member in the Claim Form Group who submits a valid and timely claim.

1.15.  "**Class Representative**" or **"Plaintiff"** means the named plaintiff, Anthony J. Leo.

1.16.  "**Court**" means the United States District Court for the Western District of Washington, where the Litigation is currently pending.

1.17.  '"**Defendant**" means AppFolio, Inc.

1.18.  "**Defendant's Counsel**" means Pamela Q. Devata and John Drury of Seyfarth Shaw LLP.

1.19.  "**Effective Date**" means the last of the following dates: (i) the expiration of five (5) business days after the time to file a motion to alter or amend the Final Approval Order under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of five (5) business days after the time in which to appeal the Final Approval Order has passed without any appeal having been filed; and (iii) if such motion to alter or amend is filed, or if an appeal is taken, five (5) business days after a final determination of any such motion or appeal that permits the consummation of the Settlement in accordance with the terms and conditions of this Agreement, and without further opportunity for either an appeal or Rule 59(e) motion.

1.20.  "**FCRA**" means the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.

1.21. "**Fee Petition**" means the petition for an award of fees and costs submitted by Class Counsel as provided for in Section 6.3.2 below.

1.22. "**Final Approval**" means the approval of the Agreement by the Court at or after the Final Approval Hearing, and entry on the Court's docket of the Final Approval Order.

1.23. "**Final Approval Hearing**" means the hearing at which the Court will consider arguments relating to deciding whether to approve this Settlement, and make such other rulings as are contemplated by this Agreement.

1.24. "**Final Approval Motion**" means the motion that Plaintiff shall file seeking Final Approval.

1.25. "**Final Approval Order**" means the final order and judgment entered by the Court giving Final Approval to the Settlement and dismissing with prejudice the claims of the Settlement Class and entering a judgment according to the terms set forth in this Agreement, in the form of Exhibit J hereto.

1.26. "**Final Judgment**" shall have the same meaning as Final Approval Order.

1.27. **"Injunctive Relief"** means the settlement provisions defined in Section 12 below.

1.28.  "**Litigation**" means the lawsuit filed by the Class Representative in the United States District Court for the Western District of Washington, captioned *Anthony James Leo, et al. v. AppFolio, Inc.*, Civ. No. 17-cv-571.

1.29.  "**Motion to Direct Notice to the Classes**" means the motion that Plaintiff shall file proposing to certify the Settlement Classes for settlement purposes and to approve the Settlement Notice Plan and Settlement Notices pursuant to Fed. R. Civ. P. 23(e).

1.30.  "**Net Settlement Amount**" means the portion of the Gross Settlement Amount that remains after deduction for any individual settlement, Service Award, Administrative Costs, and Class Counsel Fees.

1.31.  "**Notice of Objection**" or "**Objection**" means a written objection made by a Class Member to this Settlement, and submitted in accordance with the procedures identified in Section 5 below.

1.32.  "**Objection Deadline**" means the date sixty (60) days after the date of the Settlement Notice by which all objections must be submitted.

1.33.  "**Objector**" means a Class Member who has submitted a Notice of Objection.

1.34.  "**Order Directing Notice to the Classes**" means an order by the Court approving the Settlement Notice Plan, the Settlement Notices, and the proposed settlement pursuant to Fed. R. Civ. P. 23(e).

1.35.  "**Opt Out Deadline**" means the date sixty (60) days after the date of the Settlement Notice by which all Requests for Exclusion must be submitted electronically or postmarked and sent to the Settlement Administrator.

1.36.  "**Parties**" means the Class Representative and AppFolio, Inc.

1.37.  "**Released Claims**" means all claims that, under Section 13 of this Agreement, will be extinguished as to all Class Members who do not submit a timely Request for Exclusion.

1.38.  "**Released Parties**" means Defendant and each and all of its current or former subsidiaries, parents, affiliates, predecessors, insurers, agents, employees, successors, assigns, officers, officials, directors, attorneys, personal representatives, trustees, principals, executors, and shareholders.  "Released Parties" also includes CoreLogic Screening Services, LLC, CoreLogic National Background Data, LLC and each and all of their current or former subsidiaries, parents, affiliates, predecessors, insurers, agents, employees, successors, assigns, officers, officials, directors, attorneys, personal representatives, trustees, principals, executors and shareholders (collectively referred to as "CoreLogic").

1.39.  "**Request for Exclusion**" means, as described in Section 4 below, a written or electronic opt-out request submitted to the Settlement Administrator, with the following information: (1) the Class Members' full name and current mailing address; (2) the last four digits

of the Class Member's Social Security Number; and (3) an express statement that the Class Member wishes to be excluded from the terms of the Agreement.

1.40. "**Settlement**" means the agreement between the Class Representative, on behalf of himself and Class Members, and Defendant, to fully, finally and forever settle the Litigation and Class Claims in their entirety and with prejudice and release the claims described herein as memorialized in this Agreement and the accompanying documents attached hereto.

1.41. "**Service Award**" means the payment made from the Settlement Fund to the Class Representative for his service in the matter, as approved and directed by the Court.

1.42. "**Settlement Administrator**" means the entity selected in accordance with Section 7 of this Agreement.

1.43. "**Settlement Fund**" or "**Gross Settlement Amount**" means the Four Million Five Hundred Thousand Dollars and Zero Cents ($4,500,000.00) to be paid by Defendant and its insurer in connection with the Agreement and after the Final Approval Order. This sum includes all Class Member Payments, any individual settlement and Service Award, all Administrative Costs, and the Class Counsel Fees.

1.44. "**Settlement Notice**" means the notices of the terms of the Agreement to be sent to the Class Members by the Settlement Administrator, substantially in the form of Exhibits B-H hereto. The Settlement Administrator will post the Settlement Notice documents on a settlement website.

1.45. "**Settlement Notice Plan**" means the plan for sending the Settlement Notice as provided for in Section 3 below.

## 2.   SCHEDULING OF HEARINGS AND MOTIONS

2.1     On or before December 21, 2018, or another date agreed to by the Parties and directed by the Court, Class Counsel shall file the Motion to Direct Notice to the Classes with the Court, which shall propose to certify the Settlement Classes for settlement purposes and to approve the Settlement Notice Plan and the Settlement Notices pursuant to Fed. R. Civ. P. 23(e). Class Counsel shall file with the Motion a proposed order substantially in the form of Exhibit A hereto.

2.2     The date of any Final Approval Hearing shall be scheduled for a date no earlier than one hundred twenty (120) days after the Court issues the Order Directing Notice to the Classes.

2.3     The Settlement Administrator shall mail, via First Class United States Mail, postage prepaid, the CAFA Notice within ten (10) days after this Agreement is filed with the Court.

2.4     Class Counsel shall file the Final Approval Motion no later than ten (10) days prior to the Final Approval Hearing, or within another time set by the Court.

2.5     Class Counsel shall file the Fee Petition no later than fourteen (14) days prior to the Objection Deadline and Opt Out Deadline, or within any other time set by the Court.

2.5.1   The hearing on the Fee Petition shall occur during the Final Approval Hearing.

## 3.     NOTICE PLAN

3.1     Class Lists

3.1.1   Within ten (10) days of the Order Directing Notice to the Classes, Defendant shall compile, and securely deliver to the Settlement Administrator, Class Lists for each of (a) the 1681e(b) Settlement Class, Automatic Payment Group; (b) the 1681e(b) Settlement Class, Claim Form Group; and (c) the 1681g Settlement Class.

3.1.2   As part of the Class Lists, Defendant agrees to provide the Settlement Administrator with email addresses where available and, to the extent reasonably available, shall also securely provide each class member's most recent address information.

3.2     Notice Process

The Parties agree that they will provide the notices described in this Section to the Court for approval.  The notices are designed to provide the Class Members with information about the class action settlement, and the Parties agree that all notices will be made available in Spanish on the settlement website as discussed below.

3.2.1   Email Notice

The primary form of notice to Class Members shall be via electronic mail.  The Parties agree that notice via electronic mail is the most practicable method available.

3.2.1.1  Email Notices to the Settlement Classes

The Settlement Administrator shall send, via electronic mail, a notice in the form of Exhibit B to members of the 1681e(b) Settlement Class, Automatic Payment Group.

The Settlement Administrator shall send, via electronic mail, a notice in the form of Exhibit C to members of the 1681e(b) Settlement Class, Claim Form Group, along with the Claim Form attached hereto as Exhibit I.

The Settlement Administrator shall send, via electronic mail, a notice in the form of Exhibit D to members of the 1681g Settlement Class.

3.2.1.2  Email Notice Process

The Settlement Administrator shall send the notices described in section 3.2.1.1 no later than twenty (20) days after the Court enters the Order Directing Notice to the Classes.  For any

electronic mail notice returned as undeliverable, the Settlement Administrator shall re-send the notice no earlier than three (3) days after the original notice is returned.

### 3.2.2   Postcard Notice

For Class Members for whom no electronic mail address is available, or whose electronic mail notices were returned as undeliverable after the second attempt, and to the extent Defendant has such Class Members' mailing addresses and/or the Settlement Administrator is able to locate such mailing address, the Settlement Administrator shall send the postcard notices described herein.  Prior to sending postcard notice to any Class Member, the Settlement Administrator shall update mailing addresses through the USPS National Change of Address database and utilize an address verification resource to identify missing addresses.  If the Settlement Administrator receives address change notifications from the U.S. Postal Service within thirty (30) calendar days of mailing of any Rule 23(b)(2) Settlement Class Postcard Notice, the Settlement Administrator will re-mail the postcard notice.

Where applicable, the Settlement Administrator shall send, via U.S. Mail, a notice in the form of Exhibit E to members of the 1681e(b) Settlement Class, Automatic Payment Group.

Where applicable, the Settlement Administrator shall send, via U.S. mail, a notice in the form of Exhibit F to members of the 1681e(b) Settlement Class, Claim Form Group.

Where applicable, the Settlement Administrator shall send, via U.S. mail, a notice in the form of Exhibit G to members of the 1681g Settlement Class.

### 3.2.3   Settlement Website

The Settlement Administrator will establish a website containing detailed information about the Settlement Agreement, including the Long Form Notice in the form of Exhibit H, frequently asked questions and answers, pleadings, relevant litigation documents, contact information for Class Counsel, and an online Claim Form in the form attached as Exhibit I to this Agreement.  The Settlement Administrator will terminate the website sixty (60) calendar days after the later of either (a) six months after the Effective Date; or (b) the date on which the Settlement Agreement is terminated.

### 3.2.4   Telephone Assistance

The Settlement Administrator shall establish a Telephone Assistance Program, including a toll-free telephone number, which will have recordings that respond to frequently asked questions from Class Members.  The Settlement Administrator shall make reasonable efforts to provide all information available through the toll-free numbers in Spanish as well as English. The Settlement Administrator shall provide periodic updates to the Parties' Counsel regarding the total number of calls made by Class Members to the toll-free number.

### 3.2.5   Settlement Administrator's Reports Regarding Notice

The Settlement Administrator shall make periodic reports to the Parties' counsel regarding the number of Claims Submissions and the status of the Settlement Notice distribution and number of undeliverable Notices.

Not more than ten (10) days after the Claims Submission Deadline, the Settlement Administrator shall provide to the Parties' Counsel, and cause to be filed with the Court, a declaration containing the following: (1) proof of the transmittal of the Settlement Notice; (2) the number of electronic mail notices returned as undeliverable; (3) the number of postcard notices returned as undeliverable; (4) the number of Class Member calls to the toll-free number; and (5) the number of visits to the settlement website.

### 3.2.6   CAFA Notice

As part of the Administrative Costs, the Settlement Administrator shall send CAFA Notices in accordance with 28 U.S.C. § 1715(a) not later than ten (10) days after this Settlement Agreement is filed with the Court.

## 4.   REQUESTS FOR EXCLUSION (OPT OUTS)

### 4.2.1   Notice of Opt Out Right

Class Members will have the opportunity to opt out by timely submitting a Request for Exclusion.  The Settlement Notices to Class Members and the settlement website shall contain information about how Class Members may submit Requests for Exclusion and opt out of their respective class(es), as well as the potential implications of doing so.

### 4.2.2   Opt Out Procedures

Settlement Class Members may opt out of any class of which they are a member by either (a) mailing a valid Request for Exclusion to the Settlement Administrator; or (b) submitting a valid Request for Exclusion electronically, in the form of Exhibit J, which is available on the Settlement Website.  Requests for Exclusion that are mailed must be directed to "Opt out Requests – *Leo v. AppFolio* Settlement Administrator" and must be postmarked no later than sixty (60) calendar days after the date of the Settlement Notice.  All Requests for Exclusion must contain the Settlement Class Member's full name, current mailing address, last four digits of their Social Security Number, and a specific statement that the Settlement Class Member wants to be excluded from the settlement. Requests for Exclusion may only be submitted on an individual basis, and to the extent any request purports to seek exclusion *en masse* or on behalf of anyone other than the submitting individual it shall be deemed invalid except as to the submitting individual. Requests for Exclusion that do not comply with the provisions of this paragraph (and as applicable, the instructions on Exhibit J) shall be invalid.

### 4.2.3  Effect of Opting Out

Any Class Member who opts out of this Agreement may not submit an Objection and shall not receive a Class Member Payment, and shall not be bound by the releases in this Agreement.  If a Class Member submits both a Request for Exclusion and an Objection, then the Request for Exclusion will be valid and will invalidate the Objection.  Each Class Member who does not submit a timely, valid Request for Exclusion shall be bound by the Release(s) described in Section 13 below.

### 4.2.4  Reporting Regarding Opt Outs

No later than ten (10) business days after the Opt-Out Deadline, the Settlement Administrator shall provide to Class Counsel and Defendant's Counsel a complete list of all Class Members who have properly opted out of the Settlement Classes by submitting valid Requests for Exclusion, together with copies of the opt out requests.  The Settlement Administrator shall also include the total numbers of Class Members who have properly opted out of each Settlement Class in the reports described in Section 3.2.5 of this Agreement.

## 5.   OBJECTIONS AND REQUESTS TO APPEAR AT FINAL APPROVAL HEARING

5.1     Any Class Member who wishes to object to the Settlement or Fee Petition at the Final Approval Hearing, and/or who wishes for any objection to be considered, must file a Notice of Objection by the Objection Deadline.  Class Members who fail to submit an Objection in the manner specified in the Settlement Notice and this Agreement shall be deemed to have waived any objection and shall be foreclosed from objecting to this Agreement, whether by appeal or otherwise.

5.1.1    The Notice of Objection shall be sent by United States Mail to: (a) Class Counsel; (b) Defendant's Counsel; and (c) the Clerk of the Court.

5.1.2    The Notice of Objection shall be personally signed by the Objector and state: the caption of the Litigation; the full name, address and telephone number of the Objector; a detailed statement of each objection asserted, including the grounds for objection and reasons for appearing and being heard, together with any documents such Objector wishes to be considered in support of the objection; the identity of all counsel who represent the Objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or Fee Petition; any and all agreements that relate to the Objection or the process of objecting—whether written or oral—between the Objector or the Objector's counsel and any other person or entity; the identity of all counsel representing the Objector who will appear at the Final Approval Hearing; and, all relief sought.

5.1.3    Any Objector wishing to be heard at the Final Approval Hearing must also file a notice of intent to appear with the Court Clerk's office no later than ten (10) business days before the Final Approval Hearing, and must provide both Class Counsel and Defendant's Counsel with copies of the notice of intent to appear.

5.2     The agreed-upon procedures and requirements for filing a valid Objection in connection with the Final Approval Hearing are intended to ensure the efficient administration of justice and the orderly presentation of any Objections to the Settlement or Fee Petition, in accordance with such Objector's due process rights.

5.2.1   The Order Directing Notice to the Classes shall further provide that persons who fail to properly or timely file their objections, along with the required information and documentation set forth above, or to serve them as provided above, shall not be heard during the Final Approval Hearing, nor shall their objections be considered by the Court.

5.3     A Class Member who files an Objection as provided herein may nonetheless also submit a Claim Form in accordance with Section 8 below.

5.4     Unless otherwise allowed by law, only Class Members who submit a valid Notice of Objection to the Settlement by the Objection Deadline may appeal any Final Judgment or ruling on the Fee Petition.

## 6.   SETTLEMENT FUND

6.1     Gross Settlement Amount

The Gross Settlement Amount is Four Million Five Hundred Thousand Dollars and Zero Cents ($4,500,000.00).  In no event shall Defendant or its insurer, absent further agreement, be obligated to pay more than that amount.  No portion of the Gross Settlement Amount will revert to Defendant.  The Gross Settlement Amount includes all Class Member Payments, any individual settlement and Service Award, Class Counsel Fees, and Administrative Costs.

6.2     Net Settlement Amount

The Net Settlement Amount is the portion of the Gross Settlement Amount that remains after deducting amounts for any individual settlement and Service Award, Administrative Costs, and the Class Counsel Fees.  The Class Member Payment amount will be the Net Settlement Amount divided by the sum of (a) the number of 1681e(b) Settlement Class Members in the Automatic Payment Group; and (b) the number from the 1681e(b) Settlement Class Members in the Claim Form Group who submit valid Claims, less amounts attributable to any individual settlement and Service Award, Administrative Costs, and Class Counsel Fees.

6.3     Qualified Settlement Fund

The Parties shall treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of U.S. Treas. Reg. 1.468B-1, 29 C.F.R. § 468B-1.

6.3.1   Individual Settlement and Service Award

Thirty Thousand Dollars and Zero Cents ($30,000.00) shall be preliminarily allocated for the individual settlement and Service Award to the Class Representative.  Any amount sought for the Service Award but not approved by the Court shall be distributed to the *cy pres* recipients in accordance with Section 6.3.4 below.

### 6.3.2   Fee Petition

One Million Three Hundred Fifty Thousand Dollars and Zero Cents ($1,350,000.00) shall be preliminarily allocated for Class Counsel Fees.  Defendant agrees not to object to the application by Class Counsel for attorneys' fees, costs, and other expenses up to the amount specified herein. The parties negotiated attorneys' fees and expenses after all other terms were agreed to and memorialized by the parties.

Any amount sought by the Fee Petition but not allowed by the Court shall then become part of the amounts to be distributed to the *cy pres* recipients in accordance with Section 6.3.4 below.

### 6.3.3   No reversion to Defendant

There shall be no reversion of any portion of the Settlement Fund to Defendant.

### 6.3.4   *Cy pres* distribution

Any amounts remaining in the Settlement Fund after all other payments specified in this Agreement are made shall be distributed as a *cy pres* award by the Settlement Administrator to the King County Bar Association Housing Justice Project.

The Settlement Administrator is responsible for securing from the *cy pres* recipient wiring instructions, as well as all other information necessary to make the *cy pres* distributions.

The *cy pres* distribution shall occur sixty (60) days after the void date of the latest dated check distributed to a settlement class member.

## 7.   RESPONSIBILITIES OF THE SETTLEMENT ADMINISTRATOR

### 7.1   Representation by Class Counsel

Class Counsel represents and warrants that they have contracted, or will contract, with the Settlement Administrator to perform all of the tasks specified and assigned to it in this Agreement, within the time limits specified in this Agreement.

### 7.2   Information security

The Settlement Administrator shall ensure that the information that it receives from Defendant and Class Members is secured and managed in such a way as to protect the security and confidentiality of the information.  Except as specifically provided in this Agreement, the Settlement Administrator shall not disclose or disseminate any information that it receives from Defendant and Class Members without the prior written consent of all Parties.  The Settlement Administrator will not share any personally identifiable information of any Class Member with Class Counsel without Defendant's counsel's express written consent.  Defendant's counsel agrees to not unreasonably withhold its consent in response to Class Counsel's representation that they need to confirm the Class Member status of a specific individual who may contact Class Counsel with questions regarding this Agreement.  Under such circumstances, Class Counsel

will provide Defendant's counsel with the name and any other identifying information of such individual so that Defendant's counsel and/or the Settlement Administrator may confirm whether the individual is a Class Member.

### 7.3   Execution of the Notice Plan

The Settlement Administrator shall be responsible for executing the Notice Plan as set forth in Section 3 above.

### 7.4   Processing Claims Forms

The Settlement Administrator shall receive and process Claim Forms in accordance with Section 8.2 below.

### 7.5   Payments to Class Members

The Settlement Administrator shall calculate, prepare and deliver to Class Members the Class Member Payments in accordance with Section 10 below.

### 7.6   Final Funding of Gross Settlement Amount

Within ten (10) business days of the Effective Date, Defendant will deposit the Gross Settlement Amount into the Qualified Settlement Fund.

## 8.   CLAIMS PROCESS

Members of the 1681e(b) Settlement Class, Claim Form Group must submit a Claim Form by the Claims Submission Deadline in order to receive a Class Member Payment from the Settlement Fund.

### 8.1   Claim Forms

To be entitled to a Class Member Payment, a member of the 1681e(b) Settlement Class, Claim Form Group must submit a completed Claim Form by the Claims Submission Deadline by which such Class Member attests that (a) his or her consumer report included a public record that did not belong to him or her and (b) the inclusion of such record on his or her consumer report caused him or her to be denied for a rental property or some other form of harm.

A Claim Form shall be deemed to have been submitted timely when (i) submitted online through the settlement website on or before the Claims Submission Deadline; or (ii) postmarked by the USPS or other expedited mail service on or before the Claims Submission Deadline.

### 8.2   Processing of Claim Forms

The Settlement Administrator shall receive all Claim Forms.  The Settlement Administrator shall not process any Claim Form if the person who submitted the form is not a member of the 1681e(b) Settlement Class, Claim Form Group.  In its sole discretion, AppFolio shall reserve the right to review and evaluate any Claim Form against its records to determine if

the claimant has satisfied the conditions to receive a Class Member Payment, as described in Section 8.1 above.

8.3     Untimely Claim Forms

With the written agreement of Class Counsel and Defendant's Counsel, a Claim Form postmarked after the Claims Submission Deadline may be considered valid.

**9.     ADMINISTRATION OF CLASS COUNSEL FEES AND SERVICE AWARD**

9.1     Fee Petition

Within the time specified by Section 2.5 above, Class Counsel shall petition the Court for an award of attorneys' fees, plus reimbursement of litigation costs and expenses, in a total amount not to exceed thirty percent (30%) of the Settlement Fund, or One Million Three Hundred Fifty Dollars and Zero Cents ($1,350,000.00).

Defendant agrees not to object or oppose Class Counsel's Fee Petition.  Defendant shall have no responsibility for, or any liability with respect to, the payment of attorneys' fees and expenses to Class Counsel, and the sole source of any award of attorneys' fees or costs shall be the Settlement Fund, pursuant to the terms of this Agreement.

9.1.1     Class Counsel Fees

The Settlement Administrator shall issue the Class Counsel Fees within 15 business days after the Effective Date.  The Settlement Administrator shall pay to Class Counsel the amount awarded by the Court relating to the Fee Petition.  Within two business days after the Effective Date, Class Counsel shall instruct the Settlement Administrator as to how the Class Counsel Fee may be paid.  The Settlement Administrator shall issue an appropriate Internal Revenue Service Form 1099 to Class Counsel.  Class Counsel shall be solely responsible for paying all applicable taxes on any Class Counsel Fees and shall indemnify and hold harmless Defendant from any claim or liability for taxes, penalties, or interest arising as a result of the Class Counsel Fees. Such payment shall be made without tax withholding.

9.1.2     Separate consideration of Fee Petition

The Fee Petition is to be considered separately from the Court's consideration of the fairness, reasonableness, and good faith of this Agreement.  The outcome of any proceeding related to the Fee Petition shall not terminate this Agreement or otherwise affect the Court's ruling on the Final Approval Motion.

9.2     Individual Settlement and Service Award

The Class Representative may, subject to Court approval, receive from the Settlement Fund an individual settlement and Service Award of an amount not to exceed Thirty Thousand Dollars ($30,000.00) in consideration of his services in this matter and the broader FCRA and general release he will provide in settlement of his claims, as set forth in Section 13.2 below.

Any request for an individual settlement and Service Award shall be made as part of the Final Approval Motion.

The Settlement Administrator shall pay any individual settlement and Service Award within 15 business days of the Effective Date, and shall issue an IRS Form 1099 to the Class Representative. The Class Representative shall be solely responsible for paying all applicable taxes on any Service Award and shall indemnify and hold harmless Defendant from any claim or liability for taxes, penalties or interest arising as a result of the Class Representative Service Award.

### 9.2.1   Release by Class Representative

The Class Representative agrees to the releases set forth in Sections 13.1 and 13.2 below, regardless of the amount of any individual settlement and Service Award approved by the Court.

## 10.   PAYMENTS TO 1681e(b) SETTLEMENT CLASS MEMBERS

The following Settlement Class Members shall be entitled to Class Member Payments: (1) All Class Members of the 1681e(b) Settlement Class, Automatic Payment Group whose Notices are not returned as undeliverable and who do not submit valid Requests for Exclusion; and (2) All Class Members of the 1681e(b) Settlement Class, Claim Form Group who submit an approved Claim Form. Each Settlement Class Member entitled to receive a Class Member Payment will receive a *pro rata* share of the Net Settlement Fund.

### 10.1   Calculation of Payments to 1681e(b) Settlement Class Members

Within twenty (20) days after the Claims Submission Deadline, the Settlement Administrator shall calculate the total number of 1681e(b) Settlement Class Members eligible to receive a Class Member Payment and the amount of such payment.

### 10.2   Mailing of Payments to 1681e(b) Settlement Class Members

The Settlement Administrator shall issue Class Member Payments no later than 15 business days after the Effective Date. Payments shall be delivered via First Class United States Mail, postage prepaid.

The checks must clearly state that they shall be void if not presented for payment within sixty (60) days from the date of mailing. To the extent that checks are not presented for payment by a 1681e(b) Settlement Class Member within sixty (60) days of mailing, such checks remaining uncashed on that date shall become null and void, and any such Settlement Class Member shall have no further recourse.

### 10.3   Tax consequences to Class Members

Settlement Class Members shall be solely responsible for complying with any and all tax liabilities and obligations which are or may become due or payable in connection with this Agreement and the Settlement.

The Settlement Administrator shall provide each Settlement Class Member with a notice advising him or her to seek personal tax advice regarding any tax consequences of the Settlement Fund disbursement. The notice regarding the potential tax treatment to Class Members shall be included with each disbursement to Class Members. For the avoidance of doubt, the Defendant, Defendant's Counsel, and Class Counsel, have not made, and are not making in connection with the Settlement, any representations regarding possible tax consequences relating to the Settlement Fund disbursements to Class Members, and the Defendant, Defendant's Counsel and Class Counsel shall not be held responsible for any such tax consequences.

## 11. PROVISION OF INFORMATION TO 1681g SETTLEMENT CLASS MEMBERS

As a condition of this Agreement, and in addition to the injunctive relief described in Section 12 below, Defendant agrees to send 1681g Settlement Class Members an email with a secure link to a copy of their previously run screening report. The email will include a cover note that indicates that, if the 1681g Class Member wants a copy of their full file, they can receive it by contacting Defendant at a specific address and making such a request. Defendant shall send this email within ten (10) days of the Effective Date.

In the event that Defendant does not possess a valid email address for any member of the 1681g Settlement Class, then Defendant shall send a letter to the Class Member's last known address in its files that advises the Class Member that he or she may contact Defendant and request a copy of his or her report and/or his or her full file. Defendant will expedite any report and/or full file requests it receives from any member of the 1681g Settlement Class.

## 12. INJUNCTIVE RELIEF

As part of this Agreement, Defendant further agrees to the following non-monetary, injunctive relief for the benefit of the Settlement Classes and other consumers. Defendant agrees to implement each of the changes described herein no later than sixty (60) days after the Effective Date.

### 12.1 Changes to Matching Criteria

To further ensure maximum possible accuracy in the information Defendant reports on its screening reports, Defendant shall implement and/or maintain updated technology matching rules and other quality control procedures to ensure a minimum of two matched personal identifiers before reporting a record, including but not limited to additional manual review of certain returned records.

### 12.2 Defendant's Procedures for Responding to Consumer Requests for Information

#### 12.2.1 Identification of End Users

To further ensure that consumers are aware of the entities ordering consumer reports about them, Defendant agrees to identify the end-users of its consumer reports on the face of all consumer reports. Defendant agrees to conspicuously display such information on consumer reports in the following format: "Ordered By: [Name of End-User]."

### 12.2.2  Identification of Sources of Information

To further ensure that consumers are aware of the entities providing information used in consumer reports about them, Defendant agrees that, for all reported public records, it will include on its consumer reports next to such public record(s): (a) the name of the underlying state, county or other originating source of the record; and (b) the name of any third-party entity providing information to Defendant about the public record(s).

### 12.2.3  Employee Training

Defendant further agrees to update its employee training so that, when consumers contact Defendant, consumers will be asked if they want a copy of their screening report or if they want a copy of all information maintained on them by Defendant.

### 12.2.4  Telephone Response System

Defendant further agrees to update its Interactive Voice Response system so that consumers have the option of pressing different buttons to make the decision to receive: (i) only a copy of their screening report; or (ii) a copy of their entire consumer file.

### 12.2.5  Communications with Consumers

Defendant further agrees that when it sends a copy of a screening report to a consumer, Defendant's cover letter will include a reminder to the consumer that he or she has the option of requesting a copy of their "complete file."

## 13.  RELEASE OF CLAIMS

### 13.1  Class Members

For the monetary and non-monetary consideration described above, the receipt and sufficiency of which are hereby acknowledged, Settlement Class Members agree to the following releases:

### 13.1.1  1681e(b) Settlement Class members who receive payment

All Automatic Payment Group members (who have not timely and properly opted out) and all Claim Form Group members who submit valid Claim Forms and who receive a Class Member Payment from the Settlement Fund agree to fully and forever release, waive, acquit and discharge Defendant, CoreLogic and the other Released Parties from any and all claims (including but not limited to claims for actual, statutory, and/or punitive damages) that such individuals have or may have under 15 U.S.C. § 1681e(b) of the FCRA and any and all analogous state law claims. Such individuals further agree not to serve as a class representative in a future suit against Defendant, CoreLogic, and/or the other Released Parties for claims arising out of or relating directly or indirectly in any manner to the facts alleged or which could have been alleged or asserted in the Complaint.  This release does not include claims which accrue after the Opt Out deadline.

13.1.2  1681e(b) Settlement Class, Claim Form Group members who do not submit a Claim:

All 1681e(b) Settlement Class, Claim Form Group members who do not submit valid claim forms and who do not timely and properly opt out of the Settlement Class agree to fully and forever release, waive, acquit and discharge Defendant, CoreLogic, and the other Released Parties from any and all claims for statutory damages that such individuals have or may have under 15 U.S.C. § 1681e(b).  Such individuals further agree not to serve as a class representative in a future suit against Defendant, CoreLogic, and/or the other Released Parties for claims arising out of or relating directly or indirectly in any manner to the facts alleged or which could have been alleged or asserted in the Complaint. This release does not include claims which accrue after the Opt Out deadline.

13.1.3  1681g Settlement Class members

All 1681g Settlement Class members (who have not timely and properly opted out) agree to fully and forever release, waive, acquit and discharge Defendant, CoreLogic, and the other Released Parties from any and all claims for statutory damages that such individuals have or may have under 15 U.S.C. § 1681g.  Such individuals further agree not to serve as a class representative in a future suit against Defendant, CoreLogic, and/or the other Released Parties for claims arising out of or relating directly or indirectly in any manner to the facts alleged or which could have been alleged or asserted in the Complaint. This release does not include claims which accrue after the Opt Out deadline.

13.2    Class Representative

The Class Representative expressly releases any and all claims, known or unknown, he has or may have against Defendant (and other Released Parties), including but not limited to his claims under 15 U.S.C. § 1681e(b) and 15 U.S.C. § 1681g, up to the Effective Date of the Settlement.

13.3    In connection with the foregoing Releases, and to the extent covered by the foregoing Releases, the Class Representative and each Settlement Class Member shall be deemed, as of the Final Approval, to have knowingly and voluntarily waived any and all provisions, rights and benefits conferred by statute, rule and legal doctrine similar, comparable or equivalent to California Code Section 1542, which provides that:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

## 14.    MODIFICATION BY COURT

This Agreement, and the Settlement, shall be null and void if the Court requires changes to the Agreement that substantively alter the Parties' rights or duties before approving the Settlement.  Provided, however, that the Parties, in their sole discretion, can consent to modify

this Agreement, in accordance with Section 16.13 below, to be consistent with any modifications requested or required by the Court.

## 15.   TERMINATION

### 15.1   Termination by Either Party

Each Party may terminate this Settlement Agreement and declare it null and void ab initio, if one or more of the conditions for reaching the Effective Date definitively and finally fails, including if any of the following conditions occurs:

15.1.1  The Court requires a notice process materially different from the notice process set forth in this Settlement Agreement or as otherwise agreed upon mutually by the Parties in writing; or

15.1.2  The Court fails to issue an Order Directing Notice to the Classes in accordance with the terms of this Settlement Agreement; or

15.1.3  The Court fails to enter a Final Approval Order dismissing the Litigation with prejudice and integrating all the terms of this Settlement Agreement; or

15.1.4  The Final Approval Order is appealed and such Final Approval Order is finally reversed or materially modified on appeal.

### 15.2   Effect of Termination

If the Settlement does not become final and effective for any reason, including if any of the conditions described above occurs and any of the Parties properly elects to terminate the Settlement and the Settlement Agreement as a consequence, then:

15.3.1  None of the terms of the Settlement Agreement will be effective or enforceable and the Settlement and the Settlement Agreement (including without limitation the class certification provisions thereof) will have no further force and effect;

15.3.2  The Parties and their counsel shall not offer any of this Settlement Agreement in evidence or otherwise use any of them in the Litigation or any other proceeding for any purpose;

15.3.3  Any Court orders, filings, or other entries on the Court's file that result from this Settlement shall be automatically set aside, withdrawn, and stricken from the record;

15.3.4  This Settlement Agreement will be without prejudice to any Party, and is

not to be construed as an admission;

15.3.5 All Parties will automatically revert to their litigation positions as of October 31, 2018, and stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court.

## 16. MISCELLANEOUS PROVISIONS

16.1   Cooperation between the Parties; Further acts

The Parties shall cooperate in good faith and shall use their best efforts to obtain the Court's approval of this Agreement and all of its terms.  The Parties shall work together, diligently and in good faith, to obtain expeditiously a Motion Directing Notice to the Classes, Final Approval Order, and Final Judgment and dismissal.

16.2   Publicity

Class Counsel agrees that it will not initiate any publicity regarding this settlement, including website announcements, except on the anticipated settlement website.

16.3   No Solicitation and Representation as to Future Suits

Class Counsel represents that, apart from the current lawsuit and individuals contained in the classes listed, it is not aware of any other current or prospective client with any potential claim against Defendant.  Class Counsel further represents that it shall not solicit directly for claims or potential claims against AppFolio for a period of two years.  This provision shall not, however, restrain general advertising by Class Counsel, nor Class Counsel's ability to represent individuals with possible claims against Defendant who independently contact Class Counsel.

16.4   Admissibility of Agreement

This Agreement shall not be offered or be admissible in evidence in any action or proceeding except: (1) the hearings necessary to obtain and implement Court approval of this Settlement; and (2) any hearing to enforce the terms of this Agreement or any related order in the Litigation.

16.5   Entire agreement

This Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties (including the Parties' settlement term sheet) shall be deemed merged into this Agreement.

16.6   Binding effect

This Agreement shall apply to and be binding upon and shall inure to the benefit of the Parties hereto, the Released Parties, and Class Counsel, as well as their respective successors,

heirs and assigns.  The Parties acknowledge it is their intent to consummate this Agreement and agree to cooperate to the extent reasonably necessary to effect and implement all terms and conditions of the Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of the Agreement.

16.7    Arms' length transaction; Materiality of terms

The Parties have negotiated all the terms and conditions of this Agreement at arm's length.  All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement.

16.8    Captions

The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

16.9    Construction

The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties.  Each Party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

16.10   No claims arising from this Agreement

No person shall have any claim against the Released Parties, Defendant, Defendant's Counsel, the Class Representative, or Class Counsel based on distribution of benefits made substantially in accordance with this Agreement or any Settlement-related order(s) of the Court.

16.11   Governing law

This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of Washington without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

16.12   Continuing Jurisdiction

The Court shall retain jurisdiction over the interpretation and implementation of this Agreement.

16.13   Waivers, modifications, and amendments to be in writing

No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement and the Settlement, shall be valid or binding unless in writing, signed by or on behalf of all Parties, and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court

approval.  Any failure by any Party to insist upon the strict performance by the other Party or Parties of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

16.14   Notices

Any notice or other formal communication required or permitted to be delivered under this Agreement shall be in writing and sent by First Class United States mail to counsel for the Party to whom the notice is directed at the following addresses:

If to Defendant:        Seyfarth Shaw LLP
                        233 South Wacker Drive, Suite 8000
                        Chicago, IL 60606
                        Attention: Pamela Q. Devata, Esq.

If to Plaintiff:        Francis & Mailman, P.C.
                        1600 Market Street, 25th Floor
                        Philadelphia, PA 19119
                        Attention:  Lauren KW Brennan, Esq.

16.15   Authorization of counsel

Class Counsel, on behalf of the Settlement Classes, are expressly authorized by the Class Representative and the Settlement Class Members to take all appropriate action required or permitted to be taken by the Settlement Classes pursuant to the Agreement to effectuate its terms, and also are expressly authorized to enter into any modifications or amendments to the Agreement on behalf of the Settlement Classes that they deem necessary or appropriate.

Each attorney or other person executing the Agreement on behalf of any Party hereto hereby warrants that such attorney or other person has the full authority to do so.

16.16   Counterparts

The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if all Parties had signed the same instrument.

16.17   Signatures

Any signature made and transmitted by facsimile, email, PDF or other electronic methods for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Party whose counsel transmits the signature page by such electronic means.

[SIGNATURES ON FOLLOWING PAGE]

IN WITNESS WHEREOF, and intending to be legally bound, the Parties hereto have caused this Settlement Agreement and Release to be executed as of the date written below.

Dated: December 20 , 2018

_Anthony Leo_
_____
Anthony J. Leo

**FRANCIS & MAILMAN, P.C.**

Dated: December 20, 2018

By: _____
James A. Francis
John Soumilas
Lauren KW Brennan

Attorneys for Plaintiff and Class Members

Dated: _____, 2018

**AppFolio, Inc.**

By: _____

Its: _____

**SEYFARTH SHAW LLP**

Dated: _____, 2018

By: _____
Pamela Q. Devata
John W. Drury

Attorneys for Defendant

23

DECLARATION OF ERIKA L. NUSSER IN SUPPORT OF
MOTION DIRECTING NOTICE TO THE CLASS - 27
Case No. 3:17-cv-05771-RJB

1   IN WITNESS WHEREOF, and intending to be legally bound, the Parties hereto have
caused this Settlement Agreement and Release to be executed as of the date written below.

2

3   Dated: _____, 2018

4                                                  _____
                                                   Anthony J. Leo
5

6                                                  **FRANCIS & MAILMAN, P.C.**

7   Dated: _____, 2018         By: _____

8                                                  James A. Francis
                                                   John Soumilas
9                                                  Lauren KW Brennan

10                                                 Attorneys for Plaintiff and Class Members

11  Dated: _December 21_, 2018           **AppFolio, Inc.**

12

13                                       By: _____

14                                       Its: _____

15

16

17                                                 **SEYFARTH SHAW LLP**

18  Dated: _December 21_, 2018           By: _____

19                                                 Pamela Q. Devata
                                                   John W. Drury
20

21                                                 Attorneys for Defendant

22

23

24

25

26

27

                                        **24**
DECLARATION OF ERIKA L. NUSSER IN SUPPORT OF
MOTION DIRECTING NOTICE TO THE CLASS - 28
Case No. 3:17-cv-05771-RJB

**EXHIBIT A**
**Proposed Order Directing Notice to the Settlement Classes**

THE HONORABLE ROBERT J. BRYAN

**U.S. DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| ANTHONY JAMES LEO, on behalf of himself and all others similarly situated,<br><br>           Plaintiff,<br><br>   vs.<br><br>APPFOLIO, INC.,<br><br>           Defendant. | NO.  3:17-cv-05771-RJB<br><br>**[PROPOSED] ORDER DIRECTING NOTICE TO THE SETTLEMENT CLASSES** |

The Court, having reviewed the Motion for an Order Directing Notice to the Settlement Classes and the Settlement Agreement entered by the Parties, hereby ORDERS that:

1.    The Court has considered the proposed settlement of the claims asserted in this matter on behalf of the two Settlement Classes proposed to be certified for settlement purposes and defined as follows:

    a.   **1681e(b) Settlement Class:** All natural persons who, between September 27, 2015 and August 10, 2018: (i) were the subject of a consumer report prepared by Defendant which contained public record information that the person disputed with Defendant (the "Automatic Payment Group"); and/or (ii) were the subject of a consumer report prepared by Defendant which contained a public record or records where the first and/or last name on the public record(s) did not match character-for-character to the first and/or last name on the person's rental application (the "Claim Form Group");

    b.   **1681g Settlement Class:** All natural persons residing within the United States and its territories who, from September 27, 2015 to August 10, 2018, made a

**EXHIBIT A**
**Proposed Order Directing Notice to the Settlement Classes**

request for information to Defendant and to whom Defendant sent a copy of a consumer report it had previously provided to a third party

2.     Based upon the Court's review, it appears that the settlement is fair, reasonable, and adequate, and that each of the following is true:

a.  the proposed Class Representative, Anthony J. Leo, and Class Counsel, Terrell Marshall Law Group PLLC and Francis & Mailman, P.C. have adequately represented the proposed Settlement Classes;

b.  the proposed settlement was negotiated at arm's length;

c.  the relief provided for the Settlement Classes is adequate, taking into account:

  i.   the costs, risks, and delay of trial and appeal;

  ii.  the monetary amount and effectiveness of the proposed method of providing payments to eligible Settlement Class members;

  iii. the injunctive relief provided for in the settlement; and

  iv.  the terms of the proposed awards of attorneys' fees and costs and individual settlement and service payment to the named Plaintiff, including timing of payment.

d.  the proposed settlement treats members of the respective Settlement Classes equally relative to each other.

3.     Based upon the Court's review, it appears that, for purposes of settlement, the prerequisites to a class action under Fed. R. Civ. P. 23(a) have been satisfied in that:

a.  there are approximately 243,000 members of the 1681e(b) Settlement Class, and approximately 7,000 members of the 1681g Settlement Class;

b.  the claims of the proposed Class Representative Anthony J. Leo are typical of the other members of the Settlement Classes

**EXHIBIT A**
**Proposed Order Directing Notice to the Settlement Classes**

c. there are questions of law and fact that are common to all members of each Settlement Class;

d. the proposed Class Representative will fairly and adequately protect the interests of the Settlement Classes and has retained Class Counsel experienced in consumer class action litigation who have and will continue to adequately represent the Settlement Classes.

4. Based upon the Court's review, for purposes of settlement, it appears that the action is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because (a) a class action is superior to other available methods for the fair and efficient adjudication of this controversy, and (b) questions of fact and law common to the members of the Class predominate over any questions affecting only individual members.

5. Therefore, the Court likely will be able to approve the proposed settlement pursuant to Fed. R. Civ. P. 23(e)(2), and certify the proposed Settlement Classes for purposes of judgment on the proposed settlement.

6. The Court has reviewed the proposed manner of giving notice as set forth in the Settlement Agreement and proposed notices to class members and finds that the proposed method of notice distribution fully satisfies the requirements of Fed. R. Civ. P. 23 and due process, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

7. No later than ten (10) days of the date of this Order, Defendant shall compile and securely deliver to the Settlement Administrator a class list for each of (a) the 1681e(b) Settlement Class, Automatic Payment Group, (b) the 1681e(b) Settlement Class, Claim Form Group, and (c) the 1681g Settlement Class.

## EXHIBIT A
### Proposed Order Directing Notice to the Settlement Classes

8.      No later than ten (10) days after the Claims Submission Deadline, the Settlement Administrator will cause a declaration to be filed with the Court that the notice of the Settlement was given as required by the Settlement Agreement.

9.      The Court will hold a Final Approval Hearing pursuant to Fed. R. Civ. P. 23(e) on _____, 2019 *(at least 120 days after entry of Order Directing Notice to the Settlement Classes)* at the U.S. District Court for the Western District of Washington, located at 700 Stewart Street Seattle, Washington 98101, Suite 13106.  at _____, _.m. for the following purposes:

    a.  To determine whether the proposed settlement is fair, reasonable and adequate and should be granted final approval by the Court;

    b.  To determine whether a final judgment should be entered dismissing the claims of the Settlement Classes with prejudice, as required by the Settlement Agreement;

    c.  To consider the application of Class Counsel for an award of attorney's fees and expenses, and for an individual settlement and service award to the Class Representative; and

    d.  To rule upon other such matters as the Court may deem appropriate.

10.      If a Settlement Class Member chooses to opt out of one or more of the Settlement Classes, such Settlement Class Member is required to submit a request for exclusion to the Settlement Administrator in the manner described in the Settlement Agreement, submitted no later than sixty (60) calendar days of the date of notice.  No later than ten (10) business days after the Opt-Out Deadline Date, the Settlement Administrator shall provide to Class Counsel and Defendant's Counsel a complete list of all Settlement Class Members who have properly opted out of the Settlement Classes together with copies of the opt out requests.

**EXHIBIT A**
**Proposed Order Directing Notice to the Settlement Classes**

11.    A Settlement Class Member who does not file timely a request for exclusion shall be bound by all subsequent proceedings, orders, and judgments in this action.  Any Settlement Class Member who submits a timely request for exclusion may revoke his or her request for exclusion by submitting to the Settlement Administrator a written statement of revocation, postmarked or received no later than fourteen (14) days before the date of the Final Approval Hearing.

12.    Any Settlement Class Member who wishes for the Court to consider an objection to the settlement must submit a Notice of Objection via First Class Mail to (a) Class Counsel; (b) Defendants' Counsel; and (c) the Clerk of the Court.  Such objection shall be personally signed and state: the caption of the Litigation; the full name, address and telephone number of the Class Member objecting to the Settlement; a detailed statement of each objection asserted, including the grounds for objection and reasons for appearing and being heard, together with any documents such Class Member wishes to be considered in support of the objection; the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or Fee Petition; any and all agreements that relate to the objection or the process of objecting—whether written or oral— between objector or objector's counsel and any other person or entity; the identity of all counsel representing the objector who will appear at the Final Approval Hearing; and, all relief sought.

13.    Any objector who wishes to be heard at the Final Approval Hearing must also file a notice of intent to appear with the Court Clerk's office no later than ten (10) business days before the Final Approval Hearing, and must provide both Class Counsel and Defendants' Counsel with copies of the notice of intent to appear.

**EXHIBIT A**
**Proposed Order Directing Notice to the Settlement Classes**

14.     All briefs, memoranda, petitions and affidavits to be filed in support of an individual settlement and service award to the proposed Class Representative and for an award of attorneys' fees and expenses shall be filed no later than fourteen (14) days prior to the deadline for class members to make objections, or within another time set by the Court.

15.     All briefs, memoranda, petitions and affidavits to be filed in support of final approval of the Settlement shall be filed no later than ten (10) days prior to the Final Approval Hearing, or within another time set by the Court.

16.     The Court retains exclusive jurisdiction over this action to consider all further matters  arising out of or connected with the Settlement Agreement.


BY THE COURT:


_____
HON. ROBERT J. BRYAN
United States District Judge


Dated:_____

**EXHIBIT B**
**Email Notice to 1681e(b) Settlement Class, Automatic Payment Group**

---

**From:**
**Sent:**
**To:**
**Subject:**    Legal Notice – Anthony Leo v. AppFolio Settlement


This email is a legal notice that you are eligible to receive an automatic monetary payment from a class action settlement. You are included in the settlement because you disputed the inclusion of a public record on a tenant screening reported prepared by AppFolio. You can read more about the settlement, including information about important deadlines, below and at [settlement website].

### This Court-authorized notice describes your rights and provides information about the settlement in *Leo v. AppFolio, Inc.*, U.S. District Court for the Western District of Washington, Case No. 3:17-cv-05771-RJB


Anthony Leo brought a purported class action lawsuit against AppFolio. The lawsuit claims that AppFolio violated the federal Fair Credit Reporting Act (or "FCRA") by selling tenant screening reports that included public records that did not belong to the subject of the report. AppFolio denies that it did anything wrong or that its conduct violated the FCRA. The parties have agreed to resolve the case. According to AppFolio's records, you are a member of the 1681e(b) Settlement Class, Automatic Payment Group, one of three groups of people affected by the settlement. If you are also a member of one of the other two groups, you will receive a separate notice describing your rights and options as a member of that group. However, you will not be eligible to receive multiple payments if you are a member of multiple groups.

### Terms of the Settlement


AppFolio does not admit that that there is anything unlawful about its current procedures. However, AppFolio has agreed as a result of the settlement to implement and/or maintain certain procedures when reporting public record information on tenant screening reports.


Additionally, AppFolio and its insurer will pay an aggregate of $4,500,000 into a Settlement Fund in exchange for the release of certain claims of Plaintiff Leo and the Settlement Class Members. All payments to class members will be paid out of the Settlement Fund. In addition, if the Court awards attorney's fees and/or a service award for Plaintiff Leo, those payments will be made from the Settlement Fund. Some class members need to make a claim in order to receive a payment. However, as a member of the Automatic Payment Group, you do not need to do anything to receive a payment out of the Settlement Fund. Payments will be made in an equal amount from the Settlement Fund based on the number of total class members, taking into account the number of claims made. You can learn more about the details of the settlement at [website].

**EXHIBIT B**
**Email Notice to 1681e(b) Settlement Class, Automatic Payment Group**

<u>Your Rights and Options</u>

- **<u>Do nothing</u>**.  If the settlement is approved by the Court, you will receive a payment automatically.  To ensure any payment reaches you, you may wish to update your address either online at [website] or by contacting [Settlement Administrator].

- **<u>If you do not wish to participate in the Settlement</u>** you may "opt out" or exclude yourself online at [website] or by writing to [Settlement Administrator].  Opt out requests must be sent by [DATE].  If you elect to opt out, you will <u>not</u> receive any payment from the Settlement Fund.  You can locate more information about how to opt out  and the effect of opting out at the [settlement website] or from the [Settlement Administrator.]

   **If you do not exclude yourself, and the Court approves the Settlement, you will be bound by the terms of the Settlement and will release the settled claims.**  That means that by participating in the Settlement, you will not be able to sue AppFolio or the other Released Parties for the claims described above and as set forth in the Settlement Agreement.  **The full text of the release is available at [website].**

- **<u>If you do not exclude yourself, you can object to the Settlement</u>**. As a member of one of the Classes, you have the right to object to the Settlement, including to Class Counsel's fee request.  Class Counsel are requesting fees of $1,350,000, or 30% of the Settlement Fund.  Class Counsel are also asking for a service award and individual settlement for the named Plaintiff of $30,000.  Class Counsel's request for attorneys' fee will be available to you on the Settlement website on [DATE].  Written objections to the Settlement or the fee request must follow the procedures detailed in the Settlement Agreement.  Objections must be postmarked by [DATE].

**The Court has set a Final Approval Hearing on [DATE]** at the U.S. District Court for the Western District of Washington, located at 700 Stewart Street Seattle, Washington 98101, Suite 13106.  This date may change without further notice to members of the Classes.

This notice is only a summary.  Complete details about your rights and options are available online.  **<u>Do not call the Court.</u>**

**EXHIBIT C**
**Email Notice to 1681e(b) Settlement Class, Claim Form Group**

**From:**
**Sent:**
**To:**
**Subject:**   Legal Notice – Anthony Leo v. AppFolio Settlement

  This email is a legal notice that you may be eligible to receive money from a class action settlement.  You are receiving this notice because AppFolio prepared a tenant screening report on you for a prospective landlord that included a record that did not include an identical character-for-character match to your first and/or last name.  This does not mean that AppFolio's report included a record that did not belong to you.  However,  if you believe an AppFolio report did include a criminal or eviction record that (a) did not belong to you; and (b) you were denied an apartment or suffered harm of some kind because of such a record, you can make a claim to receive a payment as part of the settlement.  Claims may be subject to verification.  You can read more about the settlement, including information about important deadlines and how to make a claim, below and at [settlement website].

### This Court-authorized notice describes your rights and provides information about the settlement in *Leo v. AppFolio, Inc.*, U.S. District Court for the Western District of Washington, Case No. 3:17-cv-05771-RJB

  Anthony Leo brought a purported class action lawsuit against AppFolio.  The lawsuit claims that AppFolio violated the federal Fair Credit Reporting Act (or "FCRA") by selling tenant screening reports that included public records that did not belong to the subject of the report.  AppFolio denies that it did anything wrong or that its conduct violated the FCRA.   The parties have agreed to resolve the case.  According to AppFolio's records, you are a member of the <u>1681e(b) Settlement Class, Claim Form Group</u>, one of three groups of people affected by the settlement.  If you are also a member of one of the other two groups, you will receive a separate notice describing your rights and options as a member of that group.  However, you will not be eligible to receive multiple payments if you are a member of multiple groups.

<u>Terms of the Settlement</u>

  AppFolio does not admit that there is anything unlawful about its current procedures. However, AppFolio has agreed as a result of the settlement to implement and/or maintain certain procedures when reporting public record information on tenant screening reports.

  Additionally, AppFolio and its insurer will pay an aggregate of $4,500,000 into a Settlement Fund in exchange for the release of certain claims of Plaintiff Leo and the Settlement Class Members.  All payments to class members will be paid out of the Settlement Fund.  In addition, if the Court awards attorney's fees and/or a service award for Plaintiff Leo, those payments will be made from the Settlement Fund.  <u>You must make a claim to receive a payment out of the Settlement Fund</u>.  Payments will be made in an equal amount from the Settlement Fund based on the number of total class members, taking into account the number of claims made.

**EXHIBIT C**
**Email Notice to 1681e(b) Settlement Class, Claim Form Group**

Claims may be subject to verification.  You can learn more about the details of the settlement at [website].

<u>Your Rights and Options</u>

- **You may submit a Claim** online at [website].  You may also complete and return a Claim Form by mail to [Settlement Administrator].

- **If you do not wish to participate in the Settlement** you may "opt out" or exclude yourself online at [website] or by writing to [Settlement Administrator].  Opt out requests must be sent by [DATE].  If you elect to opt out, you will not receive any payment from the Settlement Fund.  You can locate more information about how to opt out and the effect of opting out at the [settlement website] or from [Settlement Administrator].

  **If you do not exclude yourself, and the Court approves the Settlement, you will be bound by the terms of the Settlement and will release the settled claims.**  That means that by participating in the Settlement, you will not be able to sue any of the Released Parties for the Released Claims. If you receive a payment, you will not be able to sue AppFolio for any actual damages you believe exist from an AppFolio report.  Even if you do not make a claim or receive a payment, your rights will be affected: you will not be able to bring a class action against the Released Parties or receive statutory damages, but you will not release any claim for actual damages you may have.  **The full text of the release is available at [website].**

- **If you do not exclude yourself, you can object to the Settlement.** As a member of one of the Classes, you have the right to object to the Settlement, including to Class Counsel's fee request.  Class Counsel are requesting fees of $1,350,000, or 30% of the Settlement Fund. Class Counsel are also asking for a service award and individual settlement for the named Plaintiff of $30,000. Class Counsel's request for attorneys' fees will be available to you on the Settlement website on [DATE].  Written objections to the Settlement or the fee request must follow the procedures detailed in the Settlement Agreement.  Objections must be postmarked by [DATE].

**The Court has set a Final Approval Hearing on [DATE]** at the U.S. District Court for the Western District of Washington, located at 700 Stewart Street Seattle, Washington 98101, Suite 13106.  This date may change without further notice to members of the Classes.

This notice is only a summary.  Complete details about your rights and options are available online.  **Do not call the Court.**

**EXHIBIT D**
**Email Notice to 1681g Settlement Class**

---

**From:**
**Sent:**
**To:**
**Subject:**   Legal Notice – Anthony Leo v. AppFolio Settlement

This email is a legal notice that you are eligible to receive benefits from a class action settlement. You are included in the settlement because you made a request for information to AppFolio.  You can read more about the settlement, including the settlement benefits and important deadlines, below and at [settlement website].

**This Court-authorized notice describes your rights and provides information about the settlement in *Leo v. AppFolio, Inc.*, U.S. District Court for the Western District of Washington, Case No. 3:17-cv-05771-RJB**

Anthony Leo brought a purported class action lawsuit against AppFolio.  The lawsuit claims, among other things, that AppFolio violated the federal Fair Credit Reporting Act (or "FCRA") by not providing consumers with certain disclosures required by the FCRA upon request.  AppFolio denies that it did anything wrong or that its conduct violated the FCRA.  The parties have agreed to resolve the case.  According to AppFolio's records, you are a member of the 1681g Settlement Class, one of three groups of people affected by the settlement.  If you are also a member of one of the other two groups, you will receive a separate notice describing your rights and options as a member of that group.

Terms of the Settlement

AppFolio does not admit that there is anything unlawful about its current procedures. However, AppFolio has agreed as a result of the settlement to implement and/or maintain certain procedures when responding to consumer requests for information.  As part of the settlement, AppFolio has agreed to send Settlement Class Members who previously made a request for information a copy of the report it sold about them and instructions on how to receive all of the information AppFolio has in its files about them.

Additionally, AppFolio will establish a Settlement Fund to pay certain costs in the case, including any attorneys' fee award to be decided by the Court, any service award to be determined by the Court, and the costs of notice and administration of the Settlement.  You can learn more about the details of the settlement at [website].

Your Rights and Options

- **If you do not wish to participate in the Settlement** you may "opt out" or exclude yourself online at [website] or by writing to [Settlement Administrator].  Opt out requests must be sent by [DATE]

**EXHIBIT D**
**Email Notice to 1681g Settlement Class**

**If you do not exclude yourself, and the Court approves the Settlement, you will be bound by the terms of the Settlement and will release the settled claims.** That means that by participating in the Settlement, you will be bound by the terms of the settlement. If you do not exclude yourself, you will not be able to bring a lawsuit as a class action, or on behalf of other people, against the Released Parties claiming that AppFolio failed to provide you with all of the information it had in its files about you. **The full text of the release is available at [website].**

- **If you do not exclude yourself, you can object to the Settlement**. As a member of one of the Classes, you have the right to object to the Settlement, including to Class Counsel's fee request. Class Counsel are requesting fees of $1,350,000. Class Counsel are also asking for a service award and individual settlement for the named Plaintiff of $30,000. Class Counsel's request for attorneys' fees will be available to you on the Settlement website on [DATE]. Written objections to the Settlement or the fee request must follow the procedures detailed in the Settlement Agreement. Objections must be postmarked by [DATE].

**The Court has set a Final Approval Hearing on [DATE]** at the U.S. District Court for the Western District of Washington, located at 700 Stewart Street Seattle, Washington 98101, Suite 13106. This date may change without further notice to members of the Classes.

This notice is only a summary. Complete details about your rights and options are available online. **Do not call the Court.**

## EXHIBIT E
Postcard Notice to 1681e(b) Settlement Class, Automatic Payment Group

### You Are Eligible To Receive
### Money From A Class Action Settlement

*Leo v. AppFolio* **Settlement
[Settlement Administrator address]**

**Why am I getting this Notice?** You are receiving this notice because you disputed the inclusion of a public record on a tenant Screening report prepared by AppFolio, Inc.

Although AppFolio denies any liability, it has agreed to settle a class action lawsuit which claims that it violated the Fair Credit Reporting Act by selling tenant screening reports that included public records that did not belong to the subject of the report. According to AppFolio's records, you are a member the **1681e(b) Settlement Class, Automatic Payment Group**. As a Member of this group, you are entitled to receive an automatic monetary payment.

**For more information on the settlement, see the reverse of this card or go to [settlement website]**

**You Are Eligible To Receive Money From a Class Action Settlement in *Leo v. AppFolio, Inc.***

**Terms of the Settlement:** AppFolio does not admit that there is anything unlawful about its current procedures. However, AppFolio has agreed as a result of the settlement to implement and/or maintain certain procedures when reporting public record information on tenant screening reports. In addition, AppFolio and its insurer will pay an aggregate of $4,500,000 into a Settlement Fund in exchange for the release of certain claims of Plaintiff and the Settlement Class Members. All payments to class members, any attorneys' fees and service award approved by the Court, and the costs of settlement administration will be paid out of the Settlement Fund. Some class members need to make a claim in order to receive a payment, but **you do not need to do anything to receive a payment out of the Settlement Fund.** Payments will be made in an equal amount from the Settlement Fund based on the number of total class members. You can learn more about the details of the settlement at [website].

**Your Rights and Options:**

**Do nothing.** If the settlement is approved by the Court, you will receive a payment automatically. To ensure any payment reaches you, you may wish to update your address either online at [website] or by contacting [Settlement Administrator].

**If you do not want to participate in the Settlement,** you may "opt out" or exclude yourself online at [website] or by writing to [Settlement Administrator]. If you elect to opt out, you will not receive any payment from the Settlement Fund. Opt out requests must be sent by [DATE].

**If you do not exclude yourself, you will be bound by the terms of the Settlement and will release the settled claims.** That means that by participating in the Settlement, you will not be able to sue any of the Released Parties for the Released Claims. **The full text of the release is available at [website].**

**If you do not exclude yourself, you can object to the Settlement including Class Counsel's fee request.** As a member of one of the Classes, you have the right to object to the Settlement, including Class Counsel's fee request. Class Counsel are requesting fees of $1,350,000, or 30% of the Settlement Fund. Class Counsel are also asking for a service award and individual settlement for the named Plaintiff of $30,000. Class Counsel's request for attorneys' fees will be available to you on the Settlement website on [DATE]. Written objections to the Settlement or the fee request must follow the procedures detailed in the Settlement Agreement, which can be found on the Settlement website.. **Objections must be postmarked by [DATE].**

**The  Court has set the Final Approval Hearing for DATE** at the U.S. District Court for the Western District of Washington, located at 700 Stewart Street, Suite 13106, Seattle, Washington 98101. This date may change without further notice to members of the Classes.

This notice is only a summary. Complete details about your rights and options are available online. **Do not call the Court.**

[Settlement Administrator contact info]

## EXHIBIT F
Postcard Notice to 1681e(b) Settlement Class, Claim Form Group

| | | |
|---|---|---|
| **You May Be Eligible To Receive Money From A Class Action Settlement** | *Leo v. AppFolio* **Settlement [Settlement Administrator address]** | |

**Why am I getting this Notice?** You are receiving this notice because AppFolio, Inc. prepared a tenant screening report on you for a prospective landlord that included a record that did not include an an identical match to your first and/or last name.  This does not mean that the report included an incorrect record, but if you believe your report did include a record that (a) did not belong to you; and (b) you were denied an apartment or suffered harm because of such a record, you can make a claim to receive a payment as part of the settlement.  Claims may be subject to verification.

Although AppFolio denies any liability, it has agreed to settle a class action lawsuit which claims that it violated the Fair Credit Reporting Act by selling tenant screening reports that included public records that did not belong to the subject of the report.  According to AppFolio's records, you are a member the **1681e(b) Settlement Class, Claim Form Group**.

**For more information on the settlement, see the reverse of this card or go to [settlement website]**

**You May Be Eligible To Receive Money From a Class Action Settlement in *Leo v. AppFolio, Inc.***

**Terms of the Settlement:** AppFolio does not admit that there is anything unlawful about its current procedures.  However, AppFolio has agreed as a result of the settlement to implement and/or maintain certain procedures when reporting public record information on tenant screening reports.  In addition, AppFolio and its insurer will pay an aggregate of $4,500,000 into a Settlement Fund in exchange for the release of certain claims of Plaintiff and the Settlement Class Members.  All payments to class members, any attorneys' fees and service award approved by the Court, and the costs of settlement administration will be paid out of the Settlement Fund.  **You must make a claim to receive a payment out of the Settlement Fund.**  Payments will be made in an equal amount from the Settlement Fund based on the number of total class members, taking into account the number of claims made.  Claims may be subject to verification.  You can learn more about the details of the settlement at [website].

**Your Rights and Options:**

**You may submit a Claim** online at [website]. You may also download a Claim Form, complete it, and mail it to [Settlement Administrator].

**If you do not want to participate in the Settlement**, you may "opt out" or exclude yourself online at [website] or by writing to [Settlement Administrator].  Opt out requests must be sent by [DATE]

**If you do not exclude yourself, you will be bound by the terms of the Settlement and will release the settled claims**. That means that by participating in the Settlement, you will not be able to sue any of the Released Parties for the Released Claims.  Even if you do not make a claim or receive a payment, your rights will be affected: you will not be able to bring a class action against the Released Parties or receive statutory damages, but you will not release any claim for actual damages you may have.  **The full text of the release is available at [website].**

**If you do not exclude yourself, you can object to the Settlement including Class Counsel's fee request.** As a member of one of the Classes, you have the right to object to the Settlement, including to Class Counsel's fee request.  Class Counsel are requesting fees of $1,350,000, or 30% of the Settlement Fund. Class Counsel are also asking for a service award and individual settlement for the named Plaintiff of $30,000. Class Counsel's request for attorneys' fees will be available to you on the Settlement website on [DATE]. Written objections to the Settlement or the fee request must follow the procedures detailed in the Settlement Agreement, which can be found on the Settlement Website.  **Objections must be postmarked by [DATE].**

**The  Court has set the Final Approval Hearing for DATE** at the U.S. District Court for the Western District of Washington, located at 700 Stewart Street, Suite 13106, Seattle, Washington 98101.  This date may change without further notice to members of the Classes.

This notice is only a summary. Complete details about your rights and options are available online. **Do not call the Court.**

[Settlement Administrator contact info]

EXHIBIT G
Postcard Notice to 1681g Settlement Class

**You Are Eligible To Receive
Benefits From A Class Action Settlement**

*Leo v. AppFolio* Settlement
**[Settlement Administrator address]**

_____

**Why am I getting this Notice?** You are receiving this notice because you made a request for information to AppFolio, Inc.

Although AppFolio denies any liability, it has agreed to settle a class action lawsuit which claims that it violated the Fair Credit Reporting Act by not providing consumers with certain disclosures required by the FCRA..

According to AppFolio's records, you are a member of the **1681g Settlement Class**, one of three groups of people affected by the settlement.  If you are **also** a member of one of the other two groups, you will receive a separate notice describing your rights and options as a member of that group.

**For more information on the settlement, see the reverse of this card or go to [settlement website]**

**You Are Eligible To Receive Benefits From a Class Action Settlement in *Leo v. AppFolio, Inc.***

**Terms of the Settlement:** AppFolio does not admit that there is anything unlawful about its current procedures.  However, AppFolio has agreed as a result of the settlement to implement and/or maintain certain procedures when responding to consumer requests for information.  As part of the settlement, AppFolio has agreed to send Settlement Class Members who previously made a request for information a copy of their report and instructions on how to receive all of the information AppFolio has in its files about them.  Additionally, AppFolio will establish a Settlement Fund to pay certain costs in the case, including any attorneys' fee and service awards to be decided by the Court, and the costs of notice and administration of the Settlement. **You are not eligible to receive a payment out of the Settlement Fund unless you are also a member of the 1681e(b) Settlement Class and receive a separate notice.**  You can learn more about the details of the settlement at [website].

**Your Rights and Options:**

**If you do not want to participate in the Settlement,** you may "opt out" or exclude yourself online at [website] or by writing to [Settlement Administrator]. Opt out requests must be sent by [DATE]

**If you do not exclude yourself, you will be bound by the terms of the Settlement and will release the settled claims** That means that by participating in the Settlement, you will be bound by the terms of the settlement.  If you do not exclude yourself, you will not be able to bring a lawsuit as a class action, or on behalf of other people, against the Released Parties claiming that AppFolio failed to provide you with all of the information it had in its files about you.  **The full text of the release is available at [website].].**

**If you do not exclude yourself, you can object to the Settlement including Class Counsel's fee request.** As a member of one of the Classes, you have the right to object to the Settlement, including to Class Counsel's fee request.  Class Counsel are requesting fees of $1,350,000. Class Counsel are also asking for a service award and individual settlement for the named Plaintiff of $30,000.  Class Counsel's request for attorneys' fees will be available to you on the Settlement website on [DATE].  Written objections to the Settlement or the fee request must follow the procedures detailed in the Settlement Agreement, which can be found on the Settlement website.  **Objections must be postmarked by [DATE].**

**The  Court has set the Final Approval Hearing for DATE** at the U.S. District Court for the Western District of Washington, located at 700 Stewart Street, Suite 13106, Seattle, Washington 98101.  This date may change without further notice to members of the Classes.

This notice is only a summary. Complete details about your rights and options are available online. **Do not call the Court.**

[Settlement Administrator contact info]

DECLARATION OF ERIKA L. NUSSER IN SUPPORT OF
MOTION DIRECTING NOTICE TO THE CLASS - 43
Case No. 3:17-cv-05771-RJB

**EXHIBIT H**
**Long Form Notice**

**LEGAL NOTICE**

To:   All persons who between September 27, 2015 and August 10, 2018: (i) were the subject of a consumer report prepared by Defendant which contained public record information that the person disputed with Defendant (the "1681e(b) Settlement Class, Automatic Payment Group");

and

All persons who between September 27, 2015 and August 10, 2018 were the subject of a consumer report prepared by Defendant which contained a public record or records where the first and/or last name on the public record(s) did not match character-for-character to the first and/or last name on the person's rental application (the "1681e(b) Settlement Class, Claim Form Group");

and

All persons who between September 27, 2015 and August 10, 2018 made a request for information to Defendant and to whom Defendant sent a copy of a consumer report it had previously provided to a third party (the "1681g Settlement Class").

**IF YOU ARE A MEMBER OF ONE OF THE GROUPS, YOU SHOULD READ THIS NOTICE CAREFULLY BECAUSE IT WILL AFFECT YOUR LEGAL RIGHTS AND OBLIGATIONS.**

A settlement has been proposed in a purported class action lawsuit pending in the United States District Court, Western District of Washington, entitled *Leo v. AppFolio, Inc.*, Case No. 3:17-cv-5771-RJB.

This notice explains the nature of the lawsuit, the general terms of the proposed settlement, and the legal rights and obligations of Settlement Class Members. For the precise terms and conditions of the Settlement, you may view the Settlement Agreement at [website]. You may also contact the Settlement Administrator at [number].

**GENERAL BACKGROUND**

Plaintiff Anthony J. Leo filed a purported class action lawsuit against AppFolio, Inc. ("AppFolio") on behalf of allegedly similarly situated consumers. The lawsuit claims that AppFolio violated the federal Fair Credit Reporting Act (or "FCRA") by (i) selling tenant screening reports that included public records that did not belong to the subject of the report, and (ii) not providing consumers with certain disclosures of information upon request that Plaintiff asserts are required under the FCRA. AppFolio denies that it did anything wrong or that its conduct violated the FCRA or any other law in any way. No court or other entity has made any judgment or other determination of any liability against AppFolio.

Although AppFolio denies any liability, the parties have determined that it is in their best interests to resolve the lawsuit. The settlement was reached after vigorous pre-trial litigation discovery and discussions, including a mediation session before a neutral, third party mediator with extensive

EXHIBIT H
Long Form Notice

FCRA experience.  By reaching a settlement, the parties avoid the costs and risks of motion practice and a trial, and the people allegedly affected will receive benefits, including compensation. In addition, Judge Bryan of the U.S. District Court of the Western District of Washington has determined that it is likely that the Court will be able to give final approval to the settlement, and certify the proposed Settlement Classes as a class action for settlement purposes only, with Plaintiff Anthony J. Leo as the class representative.

## THE PROPOSED SETTLEMENT

Without admitting liability or that there is anything unlawful about its current procedures, AppFolio has agreed to implement and/or maintain several procedures in connection with the settlement.  First, to further ensure maximum possible accuracy in the information it reports on its screening reports, AppFolio will implement updated technology matching rules and quality control procedures.  Second, AppFolio also will make a series of changes to its procedures for responding to consumer requests for information, to further ensure that consumers are aware of the entities providing information used in tenant screening reports about them, and to further ensure that consumers who wish to will obtain all of the information that AppFolio maintains about them.

As a condition of the Settlement, AppFolio will e-mail all 1681g Settlement Class Members a secure link to a copy of their previously run screening report.  The communication will include a cover note with specific instructions on how to obtain a full file from AppFolio.

Further, AppFolio has agreed to establish a Settlement Fund of $4,500,000.00.  After administrative costs and any awards for attorneys' fees and to the Class Representative are deducted, approximately $3,100,000.00 of that sum will be available to make monetary payments to members of the 1681e(b) Settlement Class.  Members of the 1681e(b) Settlement Class, Automatic Payment Group will receive a payment without the need to make a claim.  Members of the 1681e(b) Settlement Class, Claim Form Group must submit a timely and valid Claim Form asserting that (a) the public record AppFolio included on a tenant screening report about them did not pertain to them, and (b) they lost a rental opportunity or suffered other harm as a result of AppFolio's inclusion of the public record on the background report.  Claims may be subject to verification.

Members of the 1681e(b) Settlement Class, Automatic Payment Group who do not request to be excluded and whose notices are not returned as undeliverable, and members of the 1681e(b) Settlement Class, Claim Form Group who submit timely and valid claims shall be paid a cash amount, determined on a *pro rata* basis.

Counsel for the named Plaintiff ("Class Counsel") will request that the Court approve an attorneys' fees payment of $1,350,000 to compensate them for the work they performed on behalf of the Settlement Classes and the out-of-pocket expenses they incurred during the litigation.  Class Counsel will also request that the Court award the class representative, Anthony J. Leo, an individual settlement and service award of $30,000, in exchange for the broader release he is agreeing to and for his time and efforts spent in service to the Settlement Classes.

## EXHIBIT H
## Long Form Notice

Class Counsel's fee petition and request for an individual settlement and service award will be available for you to review on [DATE] at [WEBSITE]. The Court will make the final decision as to the amounts to be paid to the class representative and Class Counsel.

The value of any checks sent to 1681e(b) Settlement Class Members that have not been negotiated (cashed) within 60 days of the date of the check will be donated to the King County Bar Association Housing Justice Project.

## DISMISSAL OF ACTION AND RELEASE OF CLAIMS

If the Court approves the proposed Settlement, it will enter a final and binding judgment in the lawsuit as to all Settlement Class Members who do not request to exclude themselves from the Settlement. The judgment will contain releases of claims in the following forms:

For 1681e(b) Settlement Class members who receive payment. All Automatic Payment Group members (who have not timely and properly opted out) and all Claim Form Group members who submit valid claim forms and who receive payment from the Common Fund agree to fully and forever release, waive, acquit and discharge the Released Parties from any and all claims (including but not limited to claims for actual, statutory, and/or punitive damages) that such individuals have or may have under 15 U.S.C. § 1681e(b) of the FCRA and any and all analogous state law claims. Such individuals further agree not to serve as a class representative in a future suit against Defendant or the other Released Parties for claims arising out of or relating directly or indirectly in any manner to the facts alleged or which could have been alleged or asserted in the Complaint. This release does not include claims which accrue after the Opt Out deadline.

For 1681e(b) Settlement Class, Claim Form Group members who do not submit claim forms. All Claim Form Group members who do not submit valid claim forms and who do not timely and properly opt out of the Settlement Class agree to fully and forever release, waive, acquit and discharge the Released Parties from any and all claims for statutory damages that such individuals have or may have under 15 U.S.C. § 1681e(b). Such individuals further agree not to serve as a class representative in a future suit against Defendant or the other Released Parties for claims arising out of or relating directly or indirectly in any manner to the facts alleged or which could have been alleged or asserted in the Complaint. This release does not include claims which accrue after the Opt Out Deadline.

For 1681g Settlement Class members. All 1681g Settlement Class members (who have not timely and properly opted out) agree to fully and forever release, waive, acquit and discharge the Released Parties from any and all claims for statutory damages that such individuals have or may have under 15 U.S.C. § 1681g. Such individuals further agree not to serve as a class representative in a future suit against Defendant or the other Released Parties for claims arising out of or relating directly or indirectly in any manner to the facts alleged or which could have been alleged or asserted in the Complaint. This release does not include claims which accrue after the Opt Out deadline.

QUESTIONS? Call Toll-Free [number] or visit [WEBSITE]

### EXHIBIT H
### Long Form Notice

"Released Parties" in this settlement means Defendant and each and all of its current or former subsidiaries, parents, affiliates, predecessors, insurers, agents, employees, successors, assigns, officers, officials, directors, attorneys, personal representatives, trustees, principals, executors, and shareholders.  "Released Parties" also includes CoreLogic Screening Services, LLC, CoreLogic National Background Data, LLC and each and all of their current or former subsidiaries, parents, affiliates, predecessors, insurers, agents, employees, successors, assigns, officers, officials, directors, attorneys, personal representatives, trustees, principals, executors and shareholders.

## FINAL SETTLEMENT APPROVAL HEARING

On [DATE] at [TIME] a final settlement approval hearing will be held on the fairness of the proposed settlement.  At the final settlement approval hearing, the Court will be available to hear any objections and argument concerning the proposed settlement's fairness.  The Court will also consider Class Counsel's request for attorneys' fees, costs, and an individual settlement and service award for named Plaintiff Anthony J. Leo.  The final settlement approval hearing will take place before the Honorable Robert J. Bryan in the U.S. District Court for the Western District of Washington, located at 700 Stewart Street Seattle, Washington 98101, Suite 13106.

## HOW TO PARTICIPATE IN THE SETTLEMENT

If you are a member of the 1681e(b) Settlement Class, Automatic Payment Group, or the 1681g Settlement Class, you do not need to do anything to receive the benefits of the settlement to which you are eligible.

If you are a member of the 1681e(b) Settlement Class, Claim Form Group, you must submit a valid and timely claim in order to receive a monetary payment in connection with the settlement.  You may either submit a claim electronically on the settlement website or you may submit a Claim Form through U.S. mail.  The Claim Form was emailed to you, and is also available on the Settlement website or by contacting the Settlement Administrator at:

Leo v. AppFolio
c/o [Settlement Administrator]

The Claim Form must be submitted to the Settlement Administrator no later than [DATE].  To submit a claim online, go to [website], click on the appropriate link, provide the required information, and follow the instructions for submitting the claim.  Online claims must be submitted no later than [DATE].  The Settlement Administrator will verify that you are a member of the 1681e(b) Settlement Class, Claim Form Group.  Claims may be subject to verification.  If you are a member of the 1681e(b) Settlement Class, Claim Form Group and do not submit a valid and timely claim, you will not receive a payment from the Settlement Fund, but you will still be bound by the Settlement unless you exclude yourself.

## HOW TO EXCLUDE YOURSELF FROM THE SETTLEMENT

QUESTIONS? Call Toll-Free [number] or visit [WEBSITE]

**EXHIBIT H**
**Long Form Notice**

You may exclude yourself from the lawsuit and the Settlement in two ways.  You may visit the Settlement website at [website] and exclude yourself electronically by clicking on the appropriate link and providing the required information, or by contacting the Settlement Administrator at:

Leo v. AppFolio
c/o [Settlement Administrator]

If you timely request exclusion from the Settlement, you will be excluded from the Settlement, you will not be bound by any judgment in the lawsuit, you will not receive any monetary or other benefits provided for in the Settlement, and you will not release any claim you may have for actual damages against AppFolio or any Released Party.

## HOW TO OBJECT TO THE SETTLEMENT

If you wish to participate in the Settlement but object to some or all of it, you must deliver a written objection to the Settlement Administrator at the address set forth above.  Any written objections must state: the caption of the Litigation; the full name, address and telephone number of the Class Member objecting to the Settlement; a detailed statement of each objection asserted, including the grounds for objection and reasons for appearing and being heard, together with any documents such Class Member wishes to be considered in support of the objection; the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or Fee Petition; any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity; the identity of any counsel representing the objector who will appear at the Final Approval Hearing; and, all relief sought.

All objections must be postmarked no later than [DATE].  Settlement Class Members who fail to make objections in the manner specified above will be deemed to have waived any objections. Only Settlement Class Members who send timely objections can speak at the fairness hearing.  If you wish to speak to at the fairness hearing, you must notify the Court no later than [DATE].  You may be subject to cross examination at the hearing.  You may, but need not, enter an appearance through counsel of your choice.  If you do, you will be responsible for your personal attorney's fees and costs.

**IF YOU DO NOT TIMELY MAKE YOUR OBJECTION, YOU WILL BE DEEMED TO HAVE WAIVED ALL OBJECTIONS AND WILL NOT BE ENTITLED TO SPEAK AT THE FAIRNESS HEARING**

## ADDITIONAL INFORMATION

The above description of the lawsuit is intended to be a summary and does not address all of the issues and proceedings that have occurred or all of the terms of the Settlement Agreement. The full Settlement Agreement—detailing all of the terms of the Settlement Agreement—is available at [website].  In order to review all of the proceedings in the case, you may visit the Administrative Office of the U.S. Courts, PACER Service Center, located at http://pacer.psc.uscourts.gov.  You may also visit or call the Clerk's office of the Western District of Washington located at the U.S.

QUESTIONS? Call Toll-Free [number] or visit [WEBSITE]

**EXHIBIT H**
**Long Form Notice**

Courthouse, 700 Stewart Street, Seattle, WA 98101.  The phone number of the Clerk's office is (206) 370-8400.  The Clerk will tell you how to obtain the file for inspection and copying at your own expense.

To fully understand the terms and conditions of the settlement, Counsel and the Court recommend that you read the Settlement Agreement, because it may contain language, terms, conditions and procedures that are not mentioned or explained in this notice.  In the event of any conflict or disagreement between the language of this notice and the Settlement Agreement, the Settlement Agreement will control.

**DO NOT ADDRESS ANY SUBSTANTIVE QUESTIONS ABOUT THE SETTLEMENT OR THE LITIGATION TO THE COURT OR THE JUDGE'S CHAMBERS.**

QUESTIONS? Call Toll-Free [number] or visit [WEBSITE]

**EXHIBIT I**
**Claim Form**

First Name M.I. Last Name
Street Address 1
Street Address 2
City, ST Zip Code

## CLAIM FORM

Complete this form if you lost an apartment because AppFolio reported a criminal or eviction record about you that <u>did not</u> belong to you and/or you suffered harm because of the inclusion of such record on your tenant screening report.

I HEREBY CERTIFY AS FOLLOWS (**CHECK ALL THAT APPLY**):

☐ I AM THE PERSON IDENTIFIED ABOVE.

☐ THE ADDRESS INFORMATION SET FORTH ABOVE IS CORRECT, OR MY CURRENT ADDRESS IS: _____.

☐ MY TELEPHONE NUMBER IS _____ AND MY E-MAIL ADDRESS IS _____.

☐ APPFOLIO REPORTED A CRIMINAL RECORD OR A RECORD OF AN EVICTION ABOUT ME TO A PROSPECTIVE LANDLORD THAT **DID NOT BELONG TO ME**.

☐ I LOST A RENTAL OPPORTUNITY AS A RESULT OF THE RECORD THAT APPFOLIO REPORTED ABOUT ME.

☐ I SUFFERED SOME OTHER FORM OF HARM AS A RESULT OF THE RECORD THAT APPFOLIO REPORTED ABOUT ME.

**I CERTIFY TO THE BEST OF MY KNOWLEDGE, INFORMATION, AND BELIEF, AND UNDER PENALTY OF PERJURY THAT THE ABOVE STATEMENTS ARE TRUE AND CORRECT.**

_____          _____
Signature                                                        Printed Name

Date: _____

**NOTE: YOU MUST CERTIFY THAT THE CRIMINAL OR EVICTION RECORD APPFOLIO REPORTED ABOUT YOU DID NOT BELONG TO YOU <u>AND</u> THAT YOU LOST AN APARTMENT OR SUFFERED OTHER HARM AS A RESULT OF THE RECORD.**

**<u>CLAIM FORMS MAY BE SUBJECT TO VERIFICATION AGAINST APPFOLIO'S RECORDS AND COURT RECORDS</u>**

**THIS CLAIM FORM MUST BE RETURNED TO THE FOLLOWING ADDRESS NO LATER THAN [_____, *2019*]: [Settlement Administrator Address].**

**EXHIBIT J**
**Request for Exclusion**

## <u>REQUEST FOR EXCLUSION</u>

Complete this form if you elect to opt out of any Settlement Class to which you belong. **By opting out of the Settlement Agreement, you will waive your right to any payment under the Agreement and will <u>not</u> be paid any money or receive any other benefits to which you may be entitled.** You also give up your right to object to the Settlement Agreement.

1.      To opt out, first identify which class or classes you belong to. The name of the class or classes you belong to is at the top of the Notice(s) you received (CHECK ALL THAT APPLY):

☐  1681e(b) Settlement Class, Automatic Payment Group

☐  1681e(b) Settlement Class, Claim Form Group

☐  1681g Settlement Class

2.  To opt out, you must also complete the following information:

FULL NAME (First, Middle, Last): _____

MAILING ADDRESS: _____

SOCIAL SECURITY NUMBER (LAST FOUR DIGITS): _____

3.      Finally, to opt out of the Settlement Agreement, you must certify your understanding of the consequences of opting out of the Settlement Agreement by checking the box below and electronically signing your name:

☐  **I HAVE REVIEWED THE SETTLEMENT AGREEMENT, UNDERSTAND THE CONSEQUENCES OF OPTING OUT OF THE AGREEMENT, AND VOLUNTARILY SUBMIT THIS REQUEST FOR EXCLUSION.**

_____
Name

Date: _____

**THIS REQUEST FOR EXCLUSION MUST BE COMPLETED NO LATER THAN [_____, *2019*]**

**EXHIBIT K**
**Proposed Final Approval Order**

THE HONORABLE ROBERT J. BRYAN

# U.S. DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANTHONY JAMES LEO, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>APPFOLIO, INC.,<br><br>Defendant. | NO.  3:17-cv-05771-RJB<br><br>**[PROPOSED] FINAL APPROVAL ORDER** |

This matter having come before the Court on Plaintiff's Motion for Final Approval of the proposed class action Settlement with Defendant AppFolio, Inc.; the Court having considered all papers filed and arguments made with respect to the Settlement, the Court finds that:

1.      The classes as defined in the Settlement Agreement[1] (the "Classes") are each so numerous that joinder of all members is not practicable, there are questions of law and fact common to the Classes, the claims of the Class Representative are typical of the claims of the Classes, and the Class Representative will fairly and adequately protect the interests of the Classes.  Questions of law and fact common to the members of the Classes predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

---

[1]      Unless otherwise defined herein, all capitalized terms in this Order have the same meaning as in the Agreement.

**EXHIBIT K**
**Proposed Final Approval Order**

2.      Notice to the Classes required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Court's Order Directing Notice to the Classes, and such Notice has been given in an adequate and sufficient manner; constitutes the best notice practicable under the circumstances; and satisfies Rule 23(e) and due process.

3.      The Settlement Administrator has timely filed notification of this settlement with the appropriate officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.  The Court has reviewed such notification and accompanying materials and finds that the notification complies fully with the applicable requirements of CAFA.

4.      The Settlement Agreement was arrived at as a result of arms-length negotiations conducted in good faith by counsel for the parties and is supported by the Class Representative.

5.      The Class Representative and Class Counsel, Terrell Marshall Law Group PLLC and Francis & Mailman, P.C. have adequately represented the proposed Settlement Classes.

6.      The relief provided for the Settlement Classes is adequate, taking into account the costs, risks, and delay of trial and appear; the effectiveness of the proposed method of providing payments to Settlement Class members including the method of processing class members claims, and the terms of the proposed award of attorneys' fees and costs, including timing of payment.

7.      The proposed settlement treats members of the respective Settlement Classes equally relative to each other.

8.      The persons listed on Exhibit A hereto have validly excluded themselves from the Settlement Class indicated in accordance with the provisions of the Order Directing Notice to the Classes.

**EXHIBIT K**
**Proposed Final Approval Order**

9.     The parties and each Class member have irrevocably submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute arising out of the Settlement Agreement.

10.     It is in the best interests of the parties and the Class members and consistent with principles of judicial economy that any dispute between any Class member (including any dispute as to whether any person is a Class member) and any Released Person which in any way relates to the applicability or scope of the Settlement Agreement or the Final Approval Order should be presented exclusively to this Court for resolution by this Court.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

11.     This action is a class action against Defendant on behalf of two classes of consumers defined as follows (the "Settlement Classes"):

   a.   **1681e(b) Settlement Class:** All natural persons who, between September 27, 2015 and August 10, 2018: (i) were the subject of a consumer report prepared by Defendant which contained public record information that the person disputed with Defendant (the "Automatic Payment Group"); and/or (ii) were the subject of a consumer report prepared by Defendant which contained a public record or records where the first and/or last name on the public record(s) did not match character-for-character to the first and/or last name on the person's rental application (the "Claim Form Group");

   b.   **1681g Settlement Class:** All natural persons residing within the United States and its territories who, from September 27, 2015 to August 10, 2018, made a request for information to Defendant and to whom Defendant sent a copy of a consumer report it had previously provided to a third party

12.     The Settlement Agreement submitted by the parties is finally approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, reasonable and adequate and in the best interests of the Classes and the parties are directed to consummate the Settlement Agreement in accordance with its terms.

13.     This action is hereby dismissed on the merits, with prejudice and without costs.

**EXHIBIT K**
**Proposed Final Approval Order**

13.     As agreed by the parties, upon the Effective Date, Defendant and the Released

Parties shall be released from the Released Claims in accordance with the terms of the Settlement

Agreement.

14.     Without affecting the finality of this judgment, the Court hereby reserves and

retains jurisdiction over this settlement, including the administration and consummation of the

settlement.  In addition, without affecting the finality of this judgment, the Court retains exclusive

jurisdiction over Defendant and each member of the Classes for any suit, action, proceeding or

dispute arising out of or relating to this Order, the Settlement Agreement or the applicability of

the Settlement Agreement.   Without limiting the generality of the foregoing, any dispute

concerning the Settlement Agreement, including, but not limited to, any suit, action, arbitration

or other proceeding by a Class member in which the provisions of the Settlement Agreement are

asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an

objection, shall constitute a suit, action or proceeding arising out of or relating to this Order.

Solely for purposes of such suit, action or proceeding, to the fullest extent possible under

applicable law, the parties hereto and all Class members are hereby deemed to have irrevocably

waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or

objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any

way, an improper venue or an inconvenient forum.

15.     Upon consideration of Class Counsel's application for fees and reimbursement of

expenses, the Court shall enter a separate Order awarding reasonable fees and expenses in an

amount to be set forth in that Order.

16.     Upon consideration of the application for an individual settlement and service

award, the Class Representative, Anthony J. Leo, is awarded the sum of Thirty Thousand Dollars

**EXHIBIT K**
**Proposed Final Approval Order**

($30,000.00) in consideration of his individual claims against the Defendant and for the valuable

service he has performed for and on behalf of the Classes.

       17.    The Court finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure,

that there is no just reason for delay, and directs the Clerk to enter final judgment.


BY THE COURT:


_____
HON. ROBERT J. BRYAN
U.S.D.J.


Dated:_____