— **EXHIBIT A** —

**EXHIBIT A**
Proposed Order Directing Notice to the Settlement Classes

THE HONORABLE ROBERT J. BRYAN

**U.S. DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| ANTHONY JAMES LEO, on behalf of himself and all others similarly situated,<br><br>                Plaintiff,<br><br>  vs.<br><br>APPFOLIO, INC.,<br><br>                Defendant. | NO. 3:17-cv-05771-RJB<br><br>**[PROPOSED] ORDER DIRECTING NOTICE TO THE SETTLEMENT CLASSES** |

The Court, having reviewed the Motion for an Order Directing Notice to the Settlement Classes and the Settlement Agreement entered by the Parties, hereby ORDERS that:

1.    The Court has considered the proposed settlement of the claims asserted in this matter on behalf of the two Settlement Classes proposed to be certified for settlement purposes and defined as follows:

    a.  **1681e(b) Settlement Class:** All natural persons who, between September 27, 2015 and August 10, 2018: (i) were the subject of a consumer report prepared by Defendant which contained public record information that the person disputed with Defendant (the "Automatic Payment Group"); and/or (ii) were the subject of a consumer report prepared by Defendant which contained a public record or records where the first and/or last name on the public record(s) did not match character-for-character to the first and/or last name on the person's rental application (the "Claim Form Group");

    b.  **1681g Settlement Class:** All natural persons residing within the United States and its territories who, from September 27, 2015 to August 10, 2018, made a

**EXHIBIT A**
**Proposed Order Directing Notice to the Settlement Classes**

request for their own information to Defendant and to whom Defendant sent a copy of a consumer report it had previously provided to a third party

2. Based upon the Court's review, it appears that the settlement is fair, reasonable, and adequate, and that each of the following is true:

   a. the proposed Class Representative, Anthony J. Leo, and Class Counsel, Terrell Marshall Law Group PLLC and Francis & Mailman, P.C. have adequately represented the proposed Settlement Classes;

   b. the proposed settlement was negotiated at arm's length;

   c. the relief provided for the Settlement Classes is adequate, taking into account:

      i. the costs, risks, and delay of trial and appeal;

      ii. the monetary amount and effectiveness of the proposed method of providing payments to eligible Settlement Class members;

      iii. the injunctive relief provided for in the settlement; and

      iv. the terms of the proposed awards of attorneys' fees and costs and individual settlement and service payment to the named Plaintiff, including timing of payment.

   d. the proposed settlement treats members of the respective Settlement Classes equally relative to each other.

3. Based upon the Court's review, it appears that, for purposes of settlement, the prerequisites to a class action under Fed. R. Civ. P. 23(a) have been satisfied in that:

   a. there are approximately 243,000 members of the 1681e(b) Settlement Class, and approximately 7,000 members of the 1681g Settlement Class;

   b. the claims of the proposed Class Representative Anthony J. Leo are typical of the other members of the Settlement Classes

**EXHIBIT A**
**Proposed Order Directing Notice to the Settlement Classes**

    c. there are questions of law and fact that are common to all members of each Settlement Class;

    d. the proposed Class Representative will fairly and adequately protect the interests of the Settlement Classes and has retained Class Counsel experienced in consumer class action litigation who have and will continue to adequately represent the Settlement Classes.

4. Based upon the Court's review, for purposes of settlement, it appears that the action is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because (a) a class action is superior to other available methods for the fair and efficient adjudication of this controversy, and (b) questions of fact and law common to the members of the Class predominate over any questions affecting only individual members.

5. Therefore, the Court likely will be able to approve the proposed settlement pursuant to Fed. R. Civ. P. 23(e)(2), and certify the proposed Settlement Classes for purposes of judgment on the proposed settlement.

6. The Court has reviewed the proposed manner of giving notice as set forth in the Settlement Agreement and proposed notices to class members and finds that the proposed method of notice distribution fully satisfies the requirements of Fed. R. Civ. P. 23 and due process, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

7. No later than ten (10) days of the date of this Order, Defendant shall compile and securely deliver to the Settlement Administrator a class list for each of (a) the 1681e(b) Settlement Class, Automatic Payment Group, (b) the 1681e(b) Settlement Class, Claim Form Group, and (c) the 1681g Settlement Class.

**EXHIBIT A**
**Proposed Order Directing Notice to the Settlement Classes**

8.  No later than ten (10) days after the Claims Submission Deadline, the Settlement Administrator will cause a declaration to be filed with the Court that the notice of the Settlement was given as required by the Settlement Agreement.

9.  The Court will hold a Final Approval Hearing pursuant to Fed. R. Civ. P. 23(e) on _____, 2019 *(at least 120 days after entry of Order Directing Notice to the Settlement Classes)* at the U.S. District Court for the Western District of Washington, located at 1717 Pacific Avenue, Tacoma, Washington 98402, Room 3100 at _____, _.m. for the following purposes:

   a.  To determine whether the proposed settlement is fair, reasonable and adequate and should be granted final approval by the Court;

   b.  To determine whether a final judgment should be entered dismissing the claims of the Settlement Classes with prejudice, as required by the Settlement Agreement;

   c.  To consider the application of Class Counsel for an award of attorney's fees and expenses, and for an individual settlement and service award to the Class Representative; and

   d.  To rule upon other such matters as the Court may deem appropriate.

10.  If a Settlement Class Member chooses to opt out of one or more of the Settlement Classes, such Settlement Class Member is required to submit a request for exclusion to the Settlement Administrator in the manner described in the Settlement Agreement, submitted no later than sixty (60) calendar days of the date of notice. No later than ten (10) business days after the Opt-Out Deadline Date, the Settlement Administrator shall provide to Class Counsel and

**EXHIBIT A**
**Proposed Order Directing Notice to the Settlement Classes**

Defendant's Counsel a complete list of all Settlement Class Members who have properly opted out of the Settlement Classes together with copies of the opt out requests.

11. A Settlement Class Member who does not file timely a request for exclusion shall be bound by all subsequent proceedings, orders, and judgments in this action. Any Settlement Class Member who submits a timely request for exclusion may revoke his or her request for exclusion by submitting to the Settlement Administrator a written statement of revocation, postmarked or received no later than fourteen (14) days before the date of the Final Approval Hearing.

12. Any Settlement Class Member who wishes for the Court to consider an objection to the settlement must submit a Notice of Objection via First Class Mail to (a) Class Counsel; (b) Defendants' Counsel; and (c) the Clerk of the Court. Such objection shall be personally signed and state: the caption of the Litigation; the full name, address and telephone number of the Class Member objecting to the Settlement; a detailed statement of each objection asserted, including the grounds for objection and reasons for appearing and being heard, together with any documents such Class Member wishes to be considered in support of the objection; the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or Fee Petition; any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity; the identity of all counsel representing the objector who will appear at the Final Approval Hearing; and, all relief sought.

13. Any objector who wishes to be heard at the Final Approval Hearing must also file a notice of intent to appear with the Court Clerk's office no later than ten (10) business days before

**EXHIBIT A**
**Proposed Order Directing Notice to the Settlement Classes**

the Final Approval Hearing, and must provide both Class Counsel and Defendants' Counsel with copies of the notice of intent to appear.

14. All briefs, memoranda, petitions and affidavits to be filed in support of an individual settlement and service award to the proposed Class Representative and for an award of attorneys' fees and expenses shall be filed no later than fourteen (14) days prior to the deadline for class members to make objections, or within another time set by the Court.

15. All briefs, memoranda, petitions and affidavits to be filed in support of final approval of the Settlement shall be filed no later than ten (10) days prior to the Final Approval Hearing, or within another time set by the Court.

16. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreement.

BY THE COURT:

_____
HON. ROBERT J. BRYAN
United States District Judge

Dated:_____