THE HONORABLE ROBERT J. BRYAN

U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

ANTHONY JAMES LEO, on behalf of himself and all others similarly situated,

    Plaintiff,

vs.

APPFOLIO, INC.,

    Defendant.

NO. 3:17-cv-05771-RJB

**PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS**

**Noted on Motion Calendar: July 18, 2019**

PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS'
FEES AND COSTS - 1
Case No. 3:17-cv-05771-RJB

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

# TABLE OF CONTENTS

**Page No.**

TABLE OF AUTHORITIES ................................................................................................ ii

I.   INTRODUCTION .................................................................................................... 1

II.  PROCEDURAL HISTORY ..................................................................................... 2

III. CLASS COUNSEL'S FEE REQUEST SHOULD BE APPROVED AS FAIR AND REASONABLE ............................................................................. 4

   A.  Lodestar Analysis Supports Class Counsel's Fee Request ............................... 4

   B.  The Percentage Of The Fund Analysis Supports Class Counsel's Fee Request ............... 7

      1.  Class Counsel Achieved An Excellent Settlement for the Classes .............................. 8

      2.  Class Counsel Assumed A Significant Risk Of No Recovery ..................................... 9

      3.  Class Counsel's Skill And Quality Of Work Delivered A Recovery For the Classes ... 9

      4.  Awards In Similar Cases Show That The Requested Fee Is Reasonable .................... 10

IV.  Class Counsel Are Entitled To Recover Reasonable Litigation Expenses ......................... 11

V.   CONCLUSION ....................................................................................................... 12

PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS'
FEES AND COSTS - i
Case No. 3:17-cv-05771-RJB

**Terrell Marshall Law Group PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

# TABLE OF AUTHORITIES

Page(s)

## CASES

*In re Aftermarket Auto. Lighting Prods. Antitrust Litig.*,
  2014 WL 12591624 (C.D. Cal. Jan. 10, 2014)......................................................................8

*Antonopulos v. N. Am. Thoroughbreds, Inc.*,
  1991 WL 427893 (S.D. Cal. May 6, 1991)........................................................................11

*Berry v. Schulman*,
  807 F.3d 600 (4th Cir. 2015).................................................................................................5

*In re Bluetooth Headset Prods. Liab. Litig.*,
  654 F.3d 935 (9th Cir. 2011).......................................................................................4, 6, 11

*Camacho v. Bridgeport Fin. Inc.*,
  523 F.3d 973 (9th Cir. 2008).................................................................................................5

*Carter v. Shalhoub Management Company Inc.*,
  No. 15-cv-1531 (C.D. Cal. Mar. 15, 2017)............................................................................5

*Destefano v. Zynga, Inc.*,
  2016 WL 537946 (N.D. Cal. Feb. 11, 2016).........................................................................9

*Flores v. Express Services Inc.*,
  2017 WL 1177098 (E.D. Pa. Mar. 29, 2017).........................................................................6

*Franco v. Ruiz Foods Prods., Inc.*,
  2012 WL 5941801 (E.D. Cal. Nov. 27, 2012) ....................................................................10

*Gates v. Deukmejian*,
  987 F.2d 1392 (9th Cir. 1992)...............................................................................................6

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998)...........................................................................................4, 7

*In re Heritage Bond Litig.*,
  2005 WL 1594403 (C.D. Cal. June 10, 2005).....................................................................10

*In re High-Tech Employee Antitrust Litig.*,
  2015 WL 5158730 (N.D. Cal. Sept. 2, 2015).........................................................................6

*Hofstetter v. Chase Home Finance, LLC*,
  2011 WL 5545912 (N.D. Cal. Nov. 14, 2011)....................................................................10

PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS'
FEES AND COSTS - ii
Case No. 3:17-cv-05771-RJB

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Ikuseghan v. Multicare Health Sys.*,
  2016 WL 4363198 (W.D. Wash. Aug. 16, 2016) ...................................................................10

*In re Immune Response Sec. Litig.*,
  497 F. Supp. 2d 1166 (S.D. Cal. 2007) .................................................................................11

*Jenson. v. First Tr. Corp.*,
  2008 WL 11338161 (C.D. Cal. June 9, 2008) ........................................................................9

*Johnson v. General Mills, Inc.*,
  2013 WL 3213832 (C.D. Cal. June 17, 2003) ......................................................................10

*Knight v. Red Door Salons, Inc.*,
  2009 WL 248367 (N.D. Cal. Feb. 2, 2009) ...........................................................................10

*Lofton v. Verizon Wireless (VAW) LLC*,
  2016 WL 7985253 (N.D. Cal. May 27, 2016) ......................................................................10

*In re Media Vision Tech. Sec. Litig.*,
  913 F. Supp. 1362 (N.D. Cal. 1996) .....................................................................................11

*In re Mercury Interactive Corp.*,
  618 F.3d at 992 .......................................................................................................................4

*In re Omnivision Techs., Inc.*,
  559 F. Supp. 2d 1036 (N.D. Cal. 2008) ..................................................................................7

*In re Online DVD-Rental Antitrust Litig.*,
  779 F.3d at 954-55 ..................................................................................................................9

*Patel v. Trans Union, LLC*,
  2018 WL 1258194 (Mar. 11, 2018) ..................................................................................5, 10

*Perkins v Linkedin Corp.*,
  2016 WL 613255 (N.D. Cal. Feb. 16, 2016) ..........................................................................8

*In re Public Ser. Co. of New Mexico*,
  1992 WL 278452 (S.D. Cal. July 28, 1992) .........................................................................11

*Rodriguez v. D.M. Camp & Sons*,
  2013 WL 2146927 (E.D. Cal. May 15, 2013) ........................................................................7

*Schiller v. David's Bridal, Inc.*,
  2012 WL 2117001 (E.D. Cal. June 11, 2012) ......................................................................10

*Six (6) Mex. Workers v. Ariz. Citrus Growers*,
  904 F.2d 1301 (9th Cir. 1990) ................................................................................................7

PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS'
FEES AND COSTS - iii
Case No. 3:17-cv-05771-RJB

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Staton v. Boeing Co.*,
 327 F.3d 938 (9th Cir. 2003) ................................................................................. 4, 6

*Vizcaino v. Microsoft Corp.*,
 290 F.3d 1043 (9th Cir. 2002) ........................................................................... 6, 7, 9

*In re Wash. Pub. Power Supply Sys. Sec. Litig.*,
 19 F.3d 1291 (9th Cir. 1994) ............................................................................. 4, 6, 7

*Wininger v. SI Mgmt., L.P.*,
 301 F.3d 1115 (9th Cir. 2002) .................................................................................. 11

**FEDERAL RULES**

Fed. R. of Civ. P. 23(h) ....................................................................................... 3, 11

**STATUTES**

Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x. ........................................... *passim*

15 U.S.C. § 1681n ...................................................................................................... 8

15 U.S.C. §§ 1681n(a)(3), 1681o(a)(2) ..................................................................... 4

**OTHER AUTHORITIES**

MANUAL FOR COMPLEX LITIGATION § 14.13 (4th ed. 2018) ......................................... 6

PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS'
FEES AND COSTS - iv
Case No. 3:17-cv-05771-RJB

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## I. INTRODUCTION

Plaintiff Anthony James Leo ("Plaintiff" or the "Class Representative") respectfully requests that the Court enter an order awarding his counsel reasonable attorneys' fees and expenses in keeping with the class action settlement agreement in this action.

This Court ordered that notice of the nationwide class settlement be directed to the settlement class members on February 5, 2019. Dkt. No. 54. The class administrator has provided notice in accordance with this Court's order, and class members continue to make claims. Pursuant to this Court's order, Plaintiff will file a motion for final approval of the class settlement by July 8, 2019 (10 days prior to the final approval hearing). Dkt. No. 54 at ¶ 15; *see also* Dkt. No. 55 (resetting date for final approval hearing to July 18, 2019).

Pursuant to the Court's Order, Class Counsel now move for an award of attorneys' fees and reimbursement of litigation costs and expenses as provided by the Settlement Agreement, Dkt. No. 50-1, §§ 2.5, 6.3.2, 9.1. This case has been hard-fought, including motion practice, extensive discovery, and a protracted mediation that resulted in the settlement. The amount Class Counsel seek is reasonable under both the percentage of the fund analysis and under the lodestar method of awarding attorneys' fees in this Circuit.

The settlement has a cash value of $4,500,000.00, excluding the value of the disclosures provided to members of the Fair Credit Reporting Act ("FCRA") 1681g Settlement Class and the practice changes Defendant AppFolio, Inc. ("AppFolio") has agreed to implement as a result of the settlement. The economic value of the FCRA disclosures and practice changes is also significant. Although difficult to calculate in a precise financial way, access to full file information for class members, and for all future consumers, and the improvements to Defendant's accuracy-assuring procedures are of tremendous value to the class and to consumers in general.

Class Counsel now, as compensation for their achievement and effort, and for accepting the risk that there would be no recovery if they were not successful, request that the Court approve an award of one million, three hundred and fifty thousand dollars ($1,350,000.00) in attorneys'

PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS'
FEES AND COSTS - 1
Case No. 3:17-cv-05771-RJB

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

fees and expenses, which is 30% of the cash settlement fund. Pursuant to the Settlement Agreement, AppFolio does not contest the requested relief. Dkt. No. 50-1, Settlement Agreement at ¶ 6.3.2.

As detailed below, Class Counsel's efforts and risks justify the requested award of fees and reimbursement of expenses. In support of their application approving payment for fees and reimbursement of expenses, Class Counsel rely upon the Declaration of Erika Nusser ("Nusser Decl."), and the Declaration of John Soumilas ("Soumilas Decl."), filed herewith, which set forth Class Counsel's time and the expenses incurred on behalf of Plaintiff and the Classes.

The reaction of the settlement class members also supports the request for fees and expenses. The notices provided expressly informed them that Class Counsel would apply for an award of attorneys' fee and costs in the amount requested. To date, no class member has objected to the fees and costs requested,[1] which evidences both a satisfactory result and a reasonable fee.

## II.   PROCEDURAL HISTORY

The class settlement in this matter is the result of vigorous advocacy, extensive discovery, motion practice, and contested, protracted settlement negotiations with the assistance of a well-respected mediator, Rodney Max. The case was undertaken and pursued on a contingent basis and represented a financial risk for Class Counsel. The procedural history of the case is set forth in detail in the Motion for an Order Directing Notice to the Classes. Dkt. No 49 at p. 2.

In summary form, this litigation commenced in 2017 with the filing of Plaintiff's Class Action Complaint, which asserted that AppFolio reported inaccurate public record about him as a result of its inadequate matching procedures, and further claimed that AppFolio failed to provide him with his full file upon request. After Plaintiff was successful in defeating AppFolio's motion to dismiss and strike the class claims, the parties conducted extensive discovery. *See* Dkt. Nos. 13, 30-32.

---

[1] The deadline for objections to the settlement is May 10, 2019. Should any objections referencing the requested fee be filed by the deadline, Plaintiff will address them in his motion for final approval or a supplemental brief.

PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS'
FEES AND COSTS - 2
Case No. 3:17-cv-05771-RJB

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Through this discovery, the parties identified over 4,000 individuals who were subjected to the same reporting procedures as Plaintiff, and about whom there was direct evidence that AppFolio's reporting of a public record about them to a potential landlord was inaccurate (the Automatic Payment Group of the 1681e(b) Settlement Class).

Furthermore, discovery revealed a pool of over 236,000 other tenant applicants who had a name mismatch on their file and who may potentially have been similarly affected by an inaccurate public record (the Claim Form Group of the 1681e(b) Settlement Class). In the face of substantial difficulties in identifying any inaccurately reported public record for this pool of class members, the parties agreed in the settlement to permit members of this group to self-identify inaccuracies through a claims process. As of April 26, 2019, more than 2,970 additional individuals have thus self-identified and made claims through the class administrator. *See Soumilas* Decl. ¶ 12. Assuming that the frequency of claims remains consistent through the May 10, 2019 deadline, Class Counsel anticipate that approximately 7,200 individuals in total (the pre-identified group plus the self-identified group) will receive cash payments from the settlement, in excess of $400 each. *Id.*

The typical recovery in FCRA class actions is in the $100-$1,000 statutory range, and sometimes falls below $100 in class settlements. This settlement is on course to provide a recovery solidly in the middle of the statutory range, in addition to the substantial practice changes going forward.

In addition to the approximately 7,200 class members with claims for inaccurate public record reporting who will receive cash payments, Class Counsel identified through discovery over 7,000 individuals with disclosure claims similar to Plaintiff's, and negotiated meaningful benefits through the settlement which will permit them to obtain their full files without charge. Dkt. No. 50-1, Settlement Agreement at § 11. Furthermore, the settlement requires AppFolio to make substantial changes to its procedures and employee training for responding to consumer

PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS'
FEES AND COSTS - 3
Case No. 3:17-cv-05771-RJB

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

file disclosure requests which will make it easier for settlement class members and other individuals to obtain information in the future. *Id.* § 12.2.

### III. CLASS COUNSEL'S FEE REQUEST SHOULD BE APPROVED AS FAIR AND REASONABLE

Federal Rule of Civil Procedure 23(h) provides: "In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Further, the federal statute implicated in this litigation, the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x, *et seq.* ("FCRA"), is a fee-shifting statute that mandates the award of reasonable attorney's fees and costs to a prevailing party. 15 U.S.C. §§ 1681n(a)(3), 1681o(a)(2).

"Attorneys' fees provisions included in proposed class action settlement agreements are, like every other aspect of such agreements, subject to the determination whether the settlement is 'fundamentally fair, adequate, and reasonable.'" *Staton v. Boeing Co.*, 327 F.3d 938, 963 (9th Cir. 2003) (quoting Fed. R. Civ. P. 23(e)). Where counsel seek fees from a common fund, courts have discretion to use one of two methods to determine whether the request is reasonable: "percentage-of-the-fund" or "lodestar/multiplier." *Id.* at 963-64; *see also In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998). "Though courts have discretion to choose which calculation method they use, their discretion must be exercised so as to achieve a reasonable result." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011). Class Counsel's request for fees is reasonable under either method.

#### A. Lodestar Analysis Supports Class Counsel's Fee Request.

"Under the lodestar/multiplier method, the district court first calculates the 'lodestar' by multiplying the reasonable hours expended by a reasonable hourly rate." *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1295 n.2 (9th Cir. 1994); *see also Staton*, 327 F.3d at 965. If circumstances warrant, the court may adjust the lodestar to account for other factors which are not subsumed within it. *Staton*, 327 F.3d at 965 & n.17.

PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS - 4
Case No. 3:17-cv-05771-RJB

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

When examined through the lens of the lodestar calculation method, the payment of $1,350,000 for attorneys' fees and expenses is shown to be fair and reasonable. Class Counsel have spent more than 1,100 hours prosecuting this case on behalf of the settlement classes. Nusser Decl. ¶ 13; Soumilas Decl. ¶ 14. Calculated using their respective rates, the total lodestar for all counsel is $503,984.00. Nusser Decl. ¶¶ 13-14; Soumilas Decl. ¶ 18. This includes estimated time going forward to address ongoing class member claims and inquiries, to prepare the final approval motion, and to attend the final approval hearing.

The lodestar calculations of Plaintiff's counsel are based upon reasonable hourly rates. Plaintiff's counsel set their rates for attorneys and staff members based on a variety of factors, including among others: the experience, skill and sophistication required for the types of legal services typically performed; the rates customarily charged in the markets where legal services are typically performed; and the experience, reputation and ability of the attorneys and staff members. Nusser Decl. ¶ 15; Soumilas Decl. ¶¶ 15-17.

With respect to the work performed by Terrell Marshall Law Group, PLLC, the rates charged for attorneys and staff members working on this matter range from $200 to $725. Nusser Decl. ¶¶ 13. These rates have been approved in class action cases brought in Washington U.S. District Courts and state courts. Nusser Decl. ¶ 16.

In support of the hourly rates charged by the attorneys of Francis & Mailman, P.C., Plaintiff's counsel have submitted the expert report of W. Ward Morrison, Esq. of Fox Rothschild, LLP, recommending hourly rates to be charged by Francis & Mailman, P.C. in light of the prevailing market hourly billing rates for legal services in the Seattle area.[2] Soumilas Decl. ¶ 17. Francis & Mailman has set its regularly hourly rates based upon the independent analysis of the attorneys of Fox Rothschild, LLP, for many years. Soumilas Decl. ¶¶ 15-16. This analysis

---

[2] It is well established that appropriate hourly rates are "the prevailing market rate in the relevant community," and that the relevant community is the forum in which the district court sits. *Camacho v. Bridgeport Fin. Inc.*, 523 F.3d 973, 978-79 (9th Cir. 2008) (reversing order awarding less than half of attorneys' fees sought in FDCPA case because the district court failed to consider prevailing hourly rates within that district).

PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS'
FEES AND COSTS - 5
Case No. 3:17-cv-05771-RJB

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

accounts for the experience and specialization of Francis & Mailman attorneys in fair credit reporting litigation. *Id*. Francis & Mailman hourly rates as set by Fox Rothschild, LLP attorneys, including those adjusted to reflect market rates within the Ninth Circuit, have been approved by courts across the country. *See Patel v. Trans Union, LLC,* No. 14-cv-00522-LB, 2018 WL 1258194, at *7 (N.D. Cal. Mar. 11, 2018) (firm's "billing rates are within normal and customary ranges for timekeepers with similar qualifications and experience in the San Francisco market"); *Carter v. Shalhoub Management Company Inc.*, No. 15-cv-1531 (C.D. Cal. Mar. 15, 2017) (ECF 69) (granting firm's fee petition in full, including 33% of fund); *Berry v. Schulman*, 807 F.3d 600, 617 (4th Cir. 2015) (affirming fee award and approving hourly rates); *Flores v. Express Services Inc.,* No. 2:14-cv-03298-HB, 2017 WL 1177098, at *4 (E.D. Pa. Mar. 29, 2017) (approving hourly rates and granting multiplier of 4.6).

An upward adjustment to a lodestar figure, known as a "multiplier" may be appropriate based upon the results obtained, the quality of representation, or the delay in payment to class counsel. MANUAL FOR COMPLEX LITIGATION § 14.13, at 266-68 (4th ed. 2018) (herein "MCL"). For example, "to compensate prevailing parties for any delay in the receipt of fees," courts will often apply "current rather than historic rates in order to adjust for inflation and the loss of funds." *Gates v. Deukmejian*, 987 F.2d 1392, 1406 (9th Cir. 1992); *see also* MCL § 14.13, at 197.

The multiplier requested here, of 2.6 is appropriate given the result achieved by counsel, the risky nature of the contingent representation, and length and expense of the litigation. *In re Bluetooth*, 654 F.3d at 941-42; *see also In re Washington Public Power Supply System Secs. Litig.*, 19 F.3d 1291, 1299-1302 (9th Cir. 1994) (holding district court abused its discretion in failing to apply risk multiplier to lodestar).

The Ninth Circuit has conducted a survey of lodestar multipliers and found that "[i]n 83% of the settlements (20 of 24), the multiplier ranged from 1.0–4.0, and in 54% of the settlements (13 of 24), the multiplier was in the 1.5–3.0 range." *In re High-Tech Employee Antitrust Litig.*, No. 11-CV-05209-LHK, 2015 WL 5158730, at *11 (N.D. Cal. Sept. 2, 2015) (summarizing

FEES AND COSTS - 6
Case No. 3:17-cv-05771-RJB

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

circuit-wide review of multipliers conducted in *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 (9th Cir. 2002)).   The multiplier here is within this range, and is justified by the benefits achieved for class members and the risk undertaken by Class Counsel.

### B.   The Percentage Of The Fund Analysis Supports Class Counsel's Fee Request

Generally, under the percentage method, a court assesses the amount of the common fund by determining the value of the benefits that the settlement agreement confers upon the class and then awards a percentage of that fund as attorneys' fees.  *Staton*, 327 F.3d at 974-75.

In the Ninth Circuit, the typical range of acceptable attorneys' fees is 20% to 33 1/3% of the total settlement value.  *Powers*, 229 F.3d at 1256; *see also Rodriguez v. D.M. Camp & Sons*, No.: 1:09-cv-00700-AWI-JLT, 2013 WL 2146927, at *13 (E.D. Cal. May 15, 2013) ("In the Ninth Circuit, the typical range of acceptable attorneys' fees is 20% to 33 1/3% of the total settlement value, with 25% considered the benchmark" and granting fee request of 30% of $675,000 common fund).  The benchmark in the Ninth Circuit is 25% of the common fund.  *See Hanlon*, 150 F.3d at 1029. ("This circuit has established 25% of the common fund as a benchmark award for attorney fees."); *Six (6) Mex. Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990);

"However, in most common fund cases, the award exceeds [the 25%] benchmark." *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1047 (N.D. Cal. 2008) (*citing In re Activision Secs. Litig.*, 723 F. Supp. 1373, 1377 (N.D. Cal. 1989) ("This court's review of recent reported cases discloses that nearly all common fund awards range around 30% even after thorough application of either the lodestar or twelve-factor method.")).

As the Ninth Circuit has held, "[t]he 25% benchmark rate, although a starting point for analysis, may be inappropriate in some cases.  Selection of the benchmark or any other rate must be supported by findings that take into account all of the circumstances of the case." *Vizcaino*, 290 F.3d at 1048-50.  Thus, in *Vizcaino*, the Ninth Circuit approved an award of attorneys' fees amounting to 28% of the common fund, which was based on the district court's consideration of

PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS'
FEES AND COSTS - 7
Case No. 3:17-cv-05771-RJB

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

1  factors including the excellent results achieved by counsel, the risky nature of the representation,
2  the benefits generated for the class "beyond the cash settlement fund," the market rate for such
3  contingency representation, and the length and expense of the litigation. *Id*. at 1048-50; *see also*
4  *In re Washington Public Power Supply System Secs. Litig.*, 19 F.3d at 1299-1302 (holding district
5  court abused its discretion in failing to apply risk multiplier to lodestar).

**1. Class Counsel Achieved An Excellent Settlement for the Classes**

Cognizant of the challenges of this litigation that could have prevented Settlement Class Members from recovering anything, Class Counsel sought a resolution that would ensure both that AppFolio would update its procedures going forward, and that Settlement Class Members who were most affected by AppFolio's procedures would receive financial compensation for their injuries. Class Counsel defeated AppFolio's motion to dismiss and its attempt to strike class allegations, and subsequently focused on marshalling key evidence needed to identify the relevant procedures and class members. *See* Soumilas Decl. ¶ 11.

By obtaining documents and testimony necessary to prove their claims, Class Counsel were in a good position to discuss settlement at the mediation in August 2018. *Id.* Although it took several additional weeks of negotiation with the assistance of mediator Rodney Max, the Parties agreed to the Settlement which provides for substantial practice changes as well as cash payments to class members identified as having had an inaccurate record reported about them. As noted above, the class payment to class members are projected to be significant (approximately $400 per class member), which is an excellent result of an FCRA case where the certification of claims is usually in the statutory damages range of $100-$1,000. *Id. ¶* 12; *see also* 15 U.S.C. § 1681n.

The efficiency with which Class Counsel obtained this Settlement on behalf of class members is itself a benefit. Courts recognize that classes benefit from resolution when further litigation would have delayed any potential recovery for the Class and have been costly and risky." *Perkins v Linkedin Corp.*, No. 13-cv-04303-LHK, 2016 WL 613255, at *2 (N.D. Cal.

PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS'
FEES AND COSTS - 8
Case No. 3:17-cv-05771-RJB

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

Feb. 16, 2016). Among other things, absent settlement, Plaintiff would have had to prevail at class certification, likely defend against a motion for summary judgment, and then prevail at trial, and on appeal. *See also In re Aftermarket Auto. Lighting Prods. Antitrust Litig.*, No. 09 MDL 2007, 2014 WL 12591624, at *4 (C.D. Cal. Jan. 10, 2014) (recognizing the benefit of counsel's "effective and efficient" prosecution of the case).

### 2. Class Counsel Assumed A Significant Risk Of No Recovery

Counsel handled this case on a wholly contingency basis and undertook the risk of no recovery. *See In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 954-55 (9th Cir. 2015) (upholding award of fees and costs, finding district court "correctly noted that class counsel risked great time and effort") (citing *Vizcaino*, 290 F.3d at 1048) ("Uncertainty that *any* recovery ultimately would be obtained is a highly relevant consideration. Indeed, the risks assumed by Counsel, particularly the risk of non-payment or reimbursement of expenses, is important to determining a proper fee award."); *see also Jenson. v. First Tr. Corp.*, No. CV 05-3124 ABC, 2008 WL 11338161, at *12 (C.D. Cal. June 9, 2008) (internal citation omitted). "This is especially true where, as here, class counsel has significant experience in the particular type of litigation at issue; indeed, in such contexts, courts have awarded an even higher 33 percent fee award." *Id.* (citing *In re Heritage Bond Litig.*, No. 02-ML-1475 DT, 2005 WL 1594403, at *19 (C.D. Cal. June 10, 2005)). Class Counsel have significant experience litigating consumer protection claims, including FCRA claims. Nusser Decl. ¶¶ 8-10; Soumilas Decl. ¶¶ 4-9.

### 3. Class Counsel's Skill And Quality Of Work Delivered A Recovery For the Classes

Despite the challenges involve, Class Counsel were able to litigate this case efficiently because of their experience in litigating class action cases, and FCRA class actions in particular. Nusser Decl. ¶¶ 8-10; Soumilas Decl. ¶¶ 4-9. This depth of experience with consumer claims and class action litigation allowed Class Counsel to pursue the case and negotiate a settlement that capitalized on the claims' strengths while taking into account the risks of continued litigation.

PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS'
FEES AND COSTS - 9
Case No. 3:17-cv-05771-RJB

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

1  "The quality of opposing counsel is also relevant to the quality and skill that class counsel provided." *Destefano v. Zynga, Inc.*, No. 12-cv-04007-JSC, 2016 WL 537946, at *17 (N.D. Cal. Feb. 11, 2016). AppFolio engaged skilled class action defense attorneys with substantial experience in FCRA cases and who mounted a substantial challenge to the claims in the case, including through an early challenge to class treatment. *See* Dkt. No. 13. Class Counsel's ability to negotiate a favorable settlement despite the quality of work done by AppFolio's counsel further supports their fee request. *See, e.g.*, *Lofton v. Verizon Wireless (VAW) LLC*, No. C 13-05665 YGR, 2016 WL 7985253, at *1 (N.D. Cal. May 27, 2016) (the "risks of class litigation against an able defendant well able to defend itself vigorously" support an upward adjustment in the fee award); *Knight v. Red Door Salons, Inc.*, No. 08-01520, 2009 WL 248367, at *6 (N.D. Cal. Feb. 2, 2009) (where defense counsel "understood the legal uncertainties in this case[] and were in a position to mount a vigorous defense," the favorable settlement was a "testament to Plaintiffs' counsel's skill").

### 4. Awards In Similar Cases Show That The Requested Fee Is Reasonable

Class Counsel requests attorney's fees and reimbursable expenses totaling $1,350,000.00. After deduction of expenses (discussed below), the fees request totals $1,323,517.32, which is 29.4% of the $4,500,000.00 Settlement Fund.

This is well within the range of approval and is consistent with fee awards in other FCRA class actions. *See, e.g., Patel*, 2018 WL 1258194, at *5-7 (approving an award of attorneys' fees to class counsel amounting to 32% of the common fund); *Ikuseghan v. Multicare Health Sys.*, No. C 14-5539 BHS, 2016 WL 4363198, at *2 (W.D. Wash. Aug. 16, 2016) (approving 30% fee in consumer protection class action).[3]

---

[3]   *See also Johnson v. General Mills, Inc.*, No. SACV 10-00061-CJC(ANx), 2013 WL 3213832, at *6 (C.D. Cal. June 17, 2003) (awarding fees amounting to "30% of the total settlement fund" and observing that "[o]ther courts have regularly awarded fee amounts above the benchmark in common fund cases.") (*citing Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 491 (E.D. Cal. 2010) ("The typical range of acceptable attorneys' fees in the Ninth Circuit is 20% to 33 1/3% of the total settlement value, with 25% considered the benchmark.

PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS'
FEES AND COSTS - 10
Case No. 3:17-cv-05771-RJB

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

This is also not a case in which a mega-fund settlement would provide Class Counsel with a windfall. *See In re Bluetooth*, 654 F.3d at 942. Consideration of all relevant factors confirms the reasonableness of a fee award of 29.4% of the settlement fund after expenses.

### IV. Class Counsel Are Entitled To Recover Reasonable Litigation Expenses

In a class action, the court may award reasonable litigation costs "that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). "Reasonable costs and expenses incurred by an attorney who creates or preserves a common fund are reimbursed proportionately by those class members who benefit from the settlement." *In re Media Vision Tech. Sec. Litig.*, 913 F. Supp. 1362, 1366 (N.D. Cal. 1996); *see also Wininger v. SI Mgmt., L.P.*, 301 F.3d 1115, 1120-21 (9th Cir. 2002) (noting that "jurisdiction over a fund allows for the district court to spread the costs of the litigation among the recipients of the common benefit").

To date, Class Counsel have incurred out-of-pocket litigation expenses totaling $26,482.68, primarily to cover expenses related to investigation, depositions, travel, mediation fees, and administrative costs such as copying, mailing, and messenger expenses. Nusser Decl. ¶¶ 17-18; Soumilas Decl. ¶ 20. These out-of-pocket costs were necessary to secure the resolution of this litigation and should be recouped. *See In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177–78 (S.D. Cal. 2007) (finding that costs such as filing fees, photocopy costs, travel

---

However, the exact percentage varies depending on the facts of the case, and in most common fund cases, the award exceeds that benchmark.") (internal quotation marks and citations omitted)); *Schiller v. David's Bridal, Inc.*, No. 1:10-cv-00616-AWI-SKO, 2012 WL 2117001 at *19 (E.D. Cal. June 11, 2012) (approving attorney fee award that represented 32.1% of the total class settlement amount); *Franco v. Ruiz Foods Prods., Inc.*, No. 1:10-cv-02354-SKO, 2012 WL 5941801 at *18 (E.D. Cal. Nov. 27, 2012) (holding attorney's fees award of 33 percent of the total class settlement amount as fair and reasonable); *Hofstetter v. Chase Home Finance, LLC*, No. C 10-1313 WHA, 2011 WL 5545912 at *2 (N.D. Cal. Nov. 14, 2011) (granting attorney's fee award that represented 32% of class settlement); *In re Heritage Bond Litig.*, No. 02-ML-1475-DT, 2005 WL 1594403 at *19-21 (C.D. Cal. June 10, 2005) (awarding fees amounting to one-third of the common fund and citing *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 460 (9th Cir. 2000) (affirming award of fees equal to one-third of total recovery); *In re Public Ser. Co. of New Mexico*, No. 91-00536-M, 1992 WL 278452 at *1, *12 (S.D. Cal. July 28, 1992) (awarding one-third); *Antonopulos v. N. Am. Thoroughbreds, Inc.*, No. 87-00979-G-CM, 1991 WL 427893 at *1, *4 (S.D. Cal. May 6, 1991) (awarding one-third).

PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS'
FEES AND COSTS - 11
Case No. 3:17-cv-05771-RJB

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

expenses, postage, telephone and fax costs, computerized legal research fees, and mediation expenses are relevant and necessary expenses in a class action litigation). The out-of-pocket expenses here were reasonably incurred, and are included within the total amount sought by Class Counsel herein.

## V.  CONCLUSION

For the foregoing reasons, Plaintiffs and Class Counsel request that this Court approve payment of one million, three hundred fifty thousand dollars ($1,350,000.00) for attorneys' fees and reimbursement of litigation expenses.

RESPECTFULLY SUBMITTED AND DATED this 30th day of April, 2019.

TERRELL MARSHALL LAW GROUP PLLC

By:   /s/ Erika L. Nusser, WSBA #40854
Beth E. Terrell, WSBA #26759
Email:  bterrell@terrellmarshall.com
Erika L. Nusser, WSBA #40854
Email:  enusser@terrellmarshall.com
Elizabeth A. Adams, WSBA #49175
Email:  eadams@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

James A. Francis, *Admitted Pro Hac Vice*
Email:  jfrancis@consumerlawfirm.com
John Soumilas, *Admitted Pro Hac Vice*
Email:  jsoumilas@consumerlawfirm.com
Lauren KW Brennan, *Admitted Pro Hac Vice*
Email:  lbrennan@consumerlawfirm.com
FRANCIS & MAILMAN, P.C.
1600 Market Street, Suite 2510
Philadelphia, Pennsylvania 19103
Telephone: (215) 735-8600
Facsimile: (215) 940-8000

*Attorneys for Plaintiff*

PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS'
FEES AND COSTS - 12
Case No. 3:17-cv-05771-RJB

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## CERTIFICATE OF SERVICE

I, Erika L. Nusser, hereby certify that on April 30, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Thomas J. Wybenga
> Email: twybenga@seyfarth.com
> SEYFARTH SHAW LLP
> 2029 Century Park East, Suite 3500
> Los Angeles, California 90067
> Telephone: (310) 201-7200
> Facsimile: (310) 201-5219
>
> Pamela Q. Devata
> Email: pdevata@seyfarth.com
> John W. Drury
> Email: jdrury@seyfarth.com
> SEYFARTH SHAW LLP
> 233 South Wacker Drive, Suite 8000
> Chicago, Illinois 60606
> Telephone: (312) 460-5000
> Facsimile: (312) 460-7000
>
> Steven H. Winterbauer
> Email: mail@winterbauerdiamond.com
> Nicholas Gillard-Byers
> Email: mail@winterbauerdiamond.com
> WINTERBAUER & DIAMOND PLLC
> 1200 Fifth Avenue, Suite 1700
> Seattle, Washington 98101
> Telephone: (206) 676-8440
> Facsimile: (206) 676-8441
>
> *Attorneys for Defendant*

PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS - 13
Case No. 3:17-cv-05771-RJB

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

| | |
|---|---|
| 1 | DATED this 30th day of April, 2019. |
| 2 | TERRELL MARSHALL LAW GROUP PLLC |
| 3 | By:   /s/ Erika L. Nusser, WSBA #40854 |
| 4 | Erika L. Nusser, WSBA #40854<br>Email: enusser@terrellmarshall.com |
| 5 | 936 North 34th Street, Suite 300<br>Seattle, Washington 98103 |
| 6 | Telephone: (206) 816-6603<br>Facsimile: (206) 319-5450 |
| 7 | |
| 8 | *Attorneys for Plaintiff* |

PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS - 14
Case No. 3:17-cv-05771-RJB

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com