THE HONORABLE ROBERT J. BRYAN

1

2

3

4

5

6

## U.S. DISTRICT COURT
### WESTERN DISTRICT OF WASHINGTON

7  ANTHONY JAMES LEO, on behalf of himself
and all others similarly situated,

8                                                     NO.  3:17-cv-05771-RJB

9                    Plaintiff,                   **PLAINTIFF'S MOTION FOR FINAL
                                                  APPROVAL OF CLASS ACTION**
10       vs.                                      **SETTLEMENT**

11  APPFOLIO, INC.,                               **Noted for Consideration:**
                                                  **July 18, 2019, 9:30 a.m.**
12                    Defendant.

13                                                **Courtroom A**
                                                  **1717 Pacific Avenue, Room 3100**
14                                                **Tacoma, Washington 98402-3200**

15

16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT -
Case No. 3:17-cv-05771-RJB

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

# TABLE OF CONTENTS

**Page No.**

TABLE OF AUTHORITIES ................................................................................................ ii

I.     INTRODUCTION ............................................................................................... 1

II.    STATEMENT OF FACTS .................................................................................. 1

    A.    Benefits of the Settlement. ...................................................................... 2

    B.    Releases. .................................................................................................. 3

    C.    The Notice program. ............................................................................... 3

    D.    Reaction of Settlement Class Members. ................................................. 4

III.    ARGUMENT AND AUTHORITY ..................................................................... 4

    A.    The Settlement Classes should be certified for the purposes of settlement. .............. 5

        1.    The Settlement Classes are numerous. .................................................... 5

        2.    Common questions of law and fact exist. ................................................ 6

        3.    Plaintiff's claims are typical of those of the Settlement Classes. ............. 6

        4.    Class Counsel and Plaintiff are adequate representatives. ....................... 7

        5.    Common issues predominate, and class treatment is a superior method of resolving the case. ................................................................................... 7

    B.    The Settlement is fair, reasonable, and adequate. ................................... 8

        1.    The strength of Plaintiff's case. ............................................................... 8

        2.    The risk, expense, complexity, and likely duration of further litigation. ................... 9

        3.    The risk of maintaining class action status through trial. ......................... 9

        4.    The amount offered in settlement. ........................................................... 9

        5.    The extent of discovery completed and stage of proceedings. ............... 10

        6.    The experience of counsel supports final approval. ................................ 11

        7.    The presence of a governmental participant. .......................................... 11

        8.    The reaction of Settlement Class Members. ........................................... 11

    C.    Settlement Class Members received the best notice practicable. ............ 12

    D.    Plaintiff's request for an individual settlement and service award should be granted. ...................................................................................... 12

IV.    CONCLUSION ................................................................................................. 13

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - i
Case No. 3:17-cv-05771-RJB

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

### CASES

*Agne v. Papa John's Int'l., Inc.*,
  286 F.R.D. 559 (W.D. Wash. 2012) ........................................................................7

*Berger v. Home Depot USA, Inc.*,
  741 F.3d 1061 (9th Cir. 2014) ...............................................................................7

*Churchill Vill., L.L.C. v. Gen. Elec.*,
  361 F.3d 566 (9th Cir. 2004) ..............................................................................4, 8

*Garner v. State Farm Auto Ins. Co.*,
  2010 WL 1687832 (N.D. Cal. Apr. 22, 2010) ......................................................11

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1988) ...............................................................................5

*Hanon v. Dataproducts Corp.*,
  976 F.2d 497 (9th Cir. 1992) .................................................................................6

*Hansen v. Ticket Track, Inc.*
  213 F.R.D. 412 (W.D. Wash. 2003) .......................................................................7

*Lerwill v. Inflight Motion Pictures, Inc.*,
  582 F.2d 507 (9th Cir. 1978) .................................................................................7

*Marshall v. Holiday Magic, Inc.*,
  550 F.2d 1173 (9th Cir. 1977) ...............................................................................9

*McCluskey v. Trustees of Red Dot Corp. Employee Stock Ownership Plan and Trust*,
  268 F.R.D. 670 (W.D. Wash. 2010) .......................................................................5

*In re Mercury Interactive Corp. Sec. Litig.*,
  618 F.3d 988 (9th Cir. 2010) ...............................................................................12

*Officers for Justice v. Civil Service Comm'n of San Francisco*,
  688 F.2d 615 (9th Cir. 1982) .................................................................................9

*In re Online DVD-Rental Antitrust Litig.*,
  779 F.3d 934 (9th Cir. 2015) .................................................................................5

*Parra v. Bashas', Inc.*,
  536 F.3d 975 (9th Cir. 2008) .................................................................................6

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Pelletz v. Weyerhaeuser Co.*,
  255 F.R.D. 537 (W.D. Wash. 2009) ....................................................................11

*Pelletz v. Weyerhaeuser Co.*,
  592 F. Supp. 2d 1322 (W.D. Wash. 2009) .........................................................13

*Radcliffe v. Experian Info. Solutions*,
  715 F.3d 1157 (9th Cir. 2013) ...........................................................................13

*Safeco Insurance Co. of America v. Burr*,
  551 U.S. 47 (2007) ...............................................................................................8

*Shames v. Hertz Corp.*,
  2012 WL 5392159 (S.D. Cal. Nov. 5, 2012) ......................................................10

*Tadepalli v. Uber Techs., Inc.*,
  2016 WL 1622881 (N.D. Cal. Apr. 25, 2016) .....................................................11

## STATUTES

Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x .......................................... *passim*

28 U.S.C. § 1715 ...................................................................................3, 4, 11

## FEDERAL RULES

Fed. R. Civ. P. 23 .................................................................................5, 12

Fed. R. Civ. P. 23(a) ..............................................................................1, 5

Fed. R. Civ. P. 23(a)(1) ...............................................................................6

Fed. R. Civ. P. 23(a)(2) ...............................................................................6

Fed. R. Civ. P. 23(a)(3) ...............................................................................6

Fed. R. Civ. P. 23(a)(4) ...............................................................................7

Fed. R. Civ. P. 23(b)(3) ...............................................................................7

Fed. R. Civ. P. 23(f) ....................................................................................9

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## I.     INTRODUCTION

Plaintiff Anthony James Leo ("Plaintiff" or the "Class Representative") respectfully requests that the Court enter an order granting final approval of the proposed class-wide settlement of this matter. Plaintiff believes that the settlement, which provides a $4,500,000 non-reversionary settlement fund for the benefit of class members, in addition to substantial and valuable practices changes, is fair, adequate, reasonable, and in the best interest of Settlement Class Members. Indeed, the Settlement is an excellent result for Settlement Class Members, many of whom will receive cash payments of over $400.

Settlement Administrator American Legal Claims Services ("ALCS") has successfully implemented the notice program, providing direct notice to over 97% percent of Settlement Class Members. ALCS also successfully administered the claims process, and received a total of 2,975 valid claims from eligible class members. Importantly, out of over 240,000 total class members, only 55 have chosen to opt out, and there was only a single class member who even arguably objected to the settlement.

The Court found on February 5, 2019 that it appeared that "the settlement is fair, reasonable, and adequate," and the prerequisites to a class action under Fed. R. Civ. P. 23(a) have been satisfied. Dkt. No. 54. Nothing that has occurred in the interim has disturbed these conclusions, and the positive reaction of the Class Members confirms the Court's earlier finding. Plaintiff further seeks approval of an individual settlement and service award, as provided for in the Settlement Agreement.

## II.     STATEMENT OF FACTS

A detailed history of the litigation and the terms of the settlement is set forth in Plaintiff's Motion for an Order Directing Notice to the Classes. Dkt. No. 49. In summary form, Plaintiff brought this lawsuit alleging that Defendant AppFolio, Inc. ("AppFolio") failed to comply with its duties to assure accuracy and to provide proper disclosures to consumers with respect to the consumer reports it prepares for tenant screening purposes, in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x. Following extensive discovery and

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 1
Case No. 3:17-cv-05771-RJB

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

settlement negotiations, including a full day mediation with the assistance of an experienced private mediator, the parties reached the settlement, which directly addresses both issues identified in the litigation.  After formalizing their terms in the Settlement Agreement, the parties presented it to the Court in connection with the Motion to Direct Notice to the Classes. Dkt. No. 49. The parties further revised the Settlement Agreement and proposed notices in response to issues raised by the Court, through an Addendum to the Class Settlement Agreement and Release. Dkt. Nos. 52-53.

A.      Benefits of the Settlement.

First, the settlement provides substantial injunctive relief, including changes to AppFolio's matching procedures to ensure the accuracy of the information it includes on reports, and numerous changes to its procedures for responding to consumer requests for information. In addition to these valuable changes, AppFolio has agreed to directly contact all members of the 1681g Settlement Class, who requested information from AppFolio in the two years prior to the lawsuit, with instructions on how to obtain their full files without charge.

Second, the Settlement provides for cash payments to consumers identified as having inaccurate information reported about them, through a $4,500,000 Settlement Fund. The parties identified through discovery 4,084 individuals about whom AppFolio prepared a consumer report which likely contained inaccurate information – this is the "Automatic Payment Group" of the 1681e(b) Settlement Class.

Additionally, discovery identified 236,289 individuals about whom AppFolio prepared a report including a public record with a name that was not a character-for-character match to the name on the rental application – this is the "Claim Form Group" of the 1681e(b) Settlement Class. The Settlement Agreement afforded each of these individuals the opportunity to make a claim asserting that this information was inaccurate, and that they were harmed as result, and 2,975 individuals submitted valid claims by the May 10, 2019 deadline. Dkt. No. 61 at ¶ 16. Combined with the members of the Automatic Payment Group whose notices were deliverable

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 2
Case No. 3:17-cv-05771-RJB

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

and who did not opt out, a total of 7,000 individuals will receive cash payments from the Settlement Fund if the Settlement is approved. Plaintiff anticipates that each of these payments will be approximately $425. *See* Declaration of John Soumilas ("Soumilas Decl.") at ¶¶ 3-8.

If approved, Plaintiff Leo will receive an individual settlement and service award of $30,000, and the Settlement Administrator will be paid approximately $120,000 for its work in administering the settlement. Through a separate motion, Plaintiff and Class Counsel have requested the approval of $1,350,000 in attorneys' fees and costs. Dkt. No. 57.

**B.      Releases.**

The 7,000 individuals who will receive cash payment if the Settlement is approved will release all claims under FCRA section 1681e(b). Dkt. No. 50-1 at § 13.1.1. Remaining members of the 1681e(b) Settlement Class, who neither opted out nor submitted a valid claim form, will release only claims for statutory damages under FCRA section 1681e(b), but will retain their ability to bring claims for individual actual damages. *Id.* § 13.1.2.

Members of the 1681g Settlement Class who did not opt out will release only claims for statutory damages under FCRA section 1681g but will retain their ability to bring claims for individual actual damages. *Id.* § 13.1.3.

All Settlement Class Members who did not opt out will give up their ability to serve as a class representative in a future suit bringing claims which were brought or could have been brought in this litigation. *Id.* § 13.1.

**C.      The Notice program.**

The Settlement Administrator provided a Notice of Proposed Class Action Settlement under 28 U.S.C. § 1715 ("CAFA Notice") via certified mail on December 28, 2019. Dkt. No. 61 at ¶ 3.

ALCS began sending notice to Settlement Class Members via email on February 25, 2019. *Id.* at ¶ 6. For Settlement Class Members for whom no email address was available, the Settlement Administrator mailed post card notices via first class mail to the mailing addresses

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 3
Case No. 3:17-cv-05771-RJB

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

provided by Defendant, after updating the addresses through a national change of address database. *Id.* at ¶¶ 7-8. Between email and postcard notices, the notice program reached 98.52% of 1681g Settlement Class Members, 98.99% of the 1681e(b) Settlement Class, Automatic Payment Group, and 97.31% of the 1681e(b) Settlement Class, Claim Form Group. *Id.* at ¶ 11.

**D.**    **Reaction of Settlement Class Members.**

The deadline for settlement class members to submit requests for exclusion from the settlement, objections to the settlement, and claim forms, was May 10, 2019. Dkt. No. 61 at ¶¶ 12-13, 15. As of May 16, 2019, 55 settlement class members requested to be excluded from the settlement. *Id.* at ¶ 13.

Only one class members followed the procedures to submit an objection to the settlement, by filing her communications directly with the Court. *Id.* at ¶ 12; Dkt. Nos. 56, 60. Out of an abundance of caution the parties have categorized Ms. Pierre's communications as objections, although the nature of any objection is unclear. Dkt. No. 61 at ¶ 12. However, the letters also clearly state that she wishes to be excluded from the settlement, and pursuant to the terms of the Settlement Agreement, a class member who opts out of the settlement may not object. Dkt.  No. 50-1 at § 4.2.3. Ms. Pierre's communications provide no reason to find that the Settlement Agreement is not fair, reasonable, or adequate.

Finally, with respect to claim forms, the Settlement Administrator received a total of 3,329 claim forms. Dkt.  No. 61 at ¶ 16. After excluding late, deficient, and duplicative claims, as well as those filed by individuals not on the class list for the 1681e(b) Settlement Class, Claim Form Group, and claim forms submitted by those who also opted out, there were a total of 2,975 timely and valid claims. *Id.*

**III.    ARGUMENT AND AUTHORITY**

The approval process for a class action settlement takes place in three stages. *See Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (describing the three-stage settlement approval process). The Court has made an initial finding that the settlement is fair,

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 4
Case No. 3:17-cv-05771-RJB

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   reasonable, and adequate and that the requirements of Rule 23(a) appear to be met, and notice
2   has been sent. *See* Dkt. No. 54 at ¶ 2; Dkt. No. 61. Thus, the first two stages are complete. The
3   Court now must determine whether, in light of all the information learned during the first two
4   stages, final approval is warranted. *See Churchill Vill., L.L.C.*, 361 F.3d at 575.

5       This Court has broad discretion to approve or reject a proposed settlement. *In re Online*
6   *DVD-Rental Antitrust Litig.*, 779 F.3d 934, 942, 944 (9th Cir. 2015) (noting standard of review
7   is "clear abuse of discretion" and emphasizing appellate court's review is "extremely limited").
8   When considering a motion for final approval of a class action settlement under Rule 23, a court
9   must determine whether the settlement is "fundamentally fair." *Hanlon v. Chrysler Corp.*, 150
10  F.3d 1011, 1026 (9th Cir. 1988). A settlement merits final approval, when "the interests of the
11  class as a whole are better served by the settlement than by further litigation." *Manual for*
12  *Complex Litigation* (Fourth) ("MCL 4th") § 21.61 (2015).

13      **A.     The Settlement Classes should be certified for the purposes of settlement.**

14      In its February 5, 2019 Order, this Court found based on its initial review that class
15  treatment is appropriate for settlement purposes. Dkt. No. 54 at ¶¶ 3-4. For all the reasons set
16  forth herein, this Court should certify the Settlement Classes for purposes of judgment in
17  connection with the Settlement.

18          1.     The Settlement Classes are numerous.

19      "The prerequisite of numerosity is discharged if 'the class is so large that joinder of all
20  members is impracticable.'" *Hanlon*, 150 F.3d at 1019 (quoting Fed. R. Civ. P. 23(a)(1)). Classes
21  with as few as twenty-seven members have been found to be sufficient to meet the numerosity
22  requirement." *McCluskey v. Trustees of Red Dot Corp. Employee Stock Ownership Plan and*
23  *Trust*, 268 F.R.D. 670, 673-74 (W.D. Wash. 2010) (collecting cases). Here, notice was delivered
24  to 7,274 members of the 1681g Settlement Class, and 230,063 members of the 1681e(b)
25  Settlement Class. Dkt. No. 61 at ¶ 11. Joinder of these thousands of individuals in impracticable;
26  therefore, the requirements of Fed. R. Civ. P. 23(a)(1) is met.

27

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 5
Case No. 3:17-cv-05771-RJB

1

2.    <u>Common questions of law and fact exist.</u>

2    "[Q]uestions of law or fact common to the class[es]" exist here, which satisfies the

3    requirements of Fed. R. Civ. P. 23(a)(2). With respect to the 1681g Settlement Class, the question

4    of whether AppFolio's procedures for responding to consumer requests for information were in

5    compliance with the FCRA could be answered through reference to common evidence, including

6    a review of AppFolio's policies and procedures, and the testimony of its class representative.

7    Likewise, the questions central to resolution of the claims of the 1681e(b) Settlement Class,

8    including whether AppFolio's procedures for attributing public record information to individuals

9    were reasonable, and whether they assured maximum possible accuracy, would be answered by

10    reviewing common evidence. "Where the circumstances of each particular class member vary

11    but retain a common core of factual or legal issues with the rest of the class, commonality exists."

12    *Parra v. Bashas', Inc.,* 536 F.3d 975, 978-79 (9th Cir. 2008).

13

3.    <u>Plaintiff's claims are typical of those of the Settlement Classes.</u>

14    The typicality requirement is satisfied if "the claims or defenses of the representative

15    parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The typicality

16    test asks "whether other members have the same or similar injury, whether the action is based on

17    conduct which is not unique to the named plaintiffs, and whether other class members have been

18    injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th

19    Cir. 1992) (citation omitted). Like all members of the 1681e(b) Settlement Class, Plaintiff Leo

20    was the subject of a report prepared using AppFolio's standardized procedures for attributing

21    public record information to reports, and the report contained a public record where the name on

22    the record was not a character-for-character match to Plaintiff's name. And like all members of

23    the 1681g Settlement Class, Plaintiff Leo's claim is that he requested information from AppFolio

24    and, pursuant to its standard procedures for responding to consumer requests for information,

25    AppFolio failed to provide all of the information maintained about him.

26

27

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 6
Case No. 3:17-cv-05771-RJB

**Terrell Marshall Law Group PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

4.    Class Counsel and Plaintiff are adequate representatives.

Rule 23(a)(4) requires that the class representative and his or her counsel, must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  "Legal adequacy is satisfied if: (1) if there are no antagonistic or conflicting interests between the named plaintiffs and their counsel, and the absent class members; and (2) the named plaintiffs and their counsel will vigorously prosecute the action on behalf of the class." *Hansen v. Ticket Track, Inc.* 213 F.R.D. 412, 415 (W.D. Wash. 2003) (citing *Hanlon*, 150 F.3d at 1020); *see also, Lerwill v. Inflight Motion Pictures, Inc.,* 582 F.2d 507, 512 (9th Cir. 1978).

As detailed in the Motion to Direct Notice to the Classes, both Plaintiff and his counsel have vigorously prosecuted this action on behalf of Settlement Class Members, and no conflicting interests exists. Dkt. No. 49 at pp. 12-13.

5.    Common issues predominate, and class treatment is a superior method of resolving the case.

The predominance requirement of Rule 23(b)(3) necessitates that "the common questions must be a significant aspect of the case that can be resolved for all members of the class in a single adjudication." *Berger v. Home Depot USA, Inc.*, 741 F.3d 1061, 1068 (9th Cir. 2014) (internal quotation marks and alterations omitted). Here, the common issues identified above are not just significant – they are the foundational issues in the case.

The superiority requirement of Rule 23(b)(3) is satisfied because individual class members do not have an interest in controlling prosecution of this case, where many of them do not, and cannot know, about potential FCRA claims. Class-wide resolution of these claims, and the provision of the important benefits of the settlement, will provide relief for consumers while promoting efficiency and avoiding the potential of a multiplicity of claims. *See Agne v. Papa John's Int'l., Inc.*, 286 F.R.D. 559, 571 (W.D. Wash. 2012) (discussing superiority and finding that multiplicity of small lawsuits seeking statutory damages was less efficient method of adjudicating claim, and finding class action mechanism superior).

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 7
Case No. 3:17-cv-05771-RJB

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    For all these reasons, and the reasons set forth in the Motion for an Order Directing Notice

2    to the Classes, this Court should certify this action as a class action for settlement purposes.

3    **B.    The Settlement is fair, reasonable, and adequate.**

4    In deciding whether to grant final approval to a class action settlement, courts consider

5    several factors, including: (1) the strength of the Plaintiff's case; (2) the risk, expense,

6    complexity, and likely duration of further litigation; (3) the risk of maintaining class action status

7    throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed

8    and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a

9    government participant; and (8) the reaction of the class members to the proposed settlement.

10   *Churchill*, 361 F.3d at 575. All of these factors support settlement approval here.

11   1.    The strength of Plaintiff's case.

12   Plaintiff continues to believe that he has a very strong case, but also recognizes a number

13   of obstacles in the way of achieving a successful result through further litigation. Plaintiff is

14   confident in his ability to certify classes of consumers on contest for both his claim under FCRA

15   section 1681g, and his claim under section 1681e(b). However, even after achieving certification,

16   Plaintiff would face the task of proving liability on the merits for both claims. With respect to

17   the FCRA section 1681g claim, the parties diverged substantially regarding the type of requests

18   for information that triggered AppFolio's duties under section 1681g, and anticipated hard-

19   fought battles on the merits of this subject. With respect to both claims, Plaintiff anticipates that

20   the issues would center on whether AppFolio acted "willfully," affecting the availability of

21   statutory and punitive damages. *See Safeco Insurance Co. of America v. Burr*, 551 U.S. 47, 69

22   (2007) (willfulness standard is not met "unless the action is not only a violation [of the FCRA]

23   under a reasonable reading of the statute's terms, but shows that the company ran a risk of

24   violating the law substantially greater than the risk associated with a reading that was merely

25   careless."). The time and expense to try those issues would not be inconsiderable. While Plaintiff

26   is confident he could prove his case, including with respect to willfulness, the risks were

27

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 8
Case No. 3:17-cv-05771-RJB

significant enough to convince Plaintiff and his counsel that the Settlement outweighs the gamble and expense of further litigation.

2.     The risk, expense, complexity, and likely duration of further litigation.

Litigation would be lengthy and expensive if this action were to proceed. The parties would need to undertake the expense of class certification briefing, and possibly additional merits discovery, and dispositive motion practice. In the absence of the settlement, the parties would expect to incur very significant expenses in further briefing, and in preparing for and participating in a trial of this action. Furthermore, it could be expected that AppFolio would appeal any decisions in Plaintiff's favor, including seeking review of any class certification decision under Fed. R. Civ. P. 23(f). Such appeals would ensure that Settlement Class Members would not receive any relief for years. There is a significant advantage to receiving a benefit now as opposed to later. *See Officers for Justice v. Civil Service Comm'n of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982); *Marshall v. Holiday Magic, Inc.*, 550 F.2d 1173, 1178 (9th Cir. 1977).

3.     The risk of maintaining class action status through trial.

As noted above, if the lawsuit continued, the parties would extensively litigate the issue of class certification. Since the outset of this case, AppFolio has strenuously denied that class treatment would be appropriate, including by seeking to dismiss or strike the class allegations. Dkt. No. 13. AppFolio could be expected to vigorously oppose any class certification motion, seek permission to appeal any decision certifying any class, and seek to decertify the class at a later point in the litigation. While Plaintiff is confident in his ability to maintain a class here, class treatment would present an ongoing risk in continuing litigation.

4.     The amount offered in settlement.

The Settlement Agreement requires AppFolio to pay $4,500,000. The Settlement Fund will be used to provide *pro rata* payments to class members who were identified as having an inaccurate record delivered to a prospective landlord, after deducting Class Representative incentive awards, attorneys fees and costs, and settlement administration fees and costs as

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 9
Case No. 3:17-cv-05771-RJB

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  approved by the Court. If the Court approves, Plaintiff Leo will receive an individual settlement

2  and service award of $30,000, from the Settlement Fund. *See* Settlement Agreement, Dkt.  No.

3  50-1 at ¶ 6.3.1. If approved, Class Counsel will be paid $1,350,000 in attorneys' fees and costs,

4  and the Settlement Administrator will be paid fees and costs of approximately $120,000. *Id*. ¶¶

5  10, 13.

6       If the above requests are approved, Plaintiff anticipates that the Net Settlement Fund

7  remaining for distribution to Settlement Class Members will be $3,000,000. This amount will be

8  divided among the members of the Automatic Payment Group whose notices were not returned

9  as undeliverable and who did not opt out, and the members of the Claim Form Group who

10 submitted timely and proper claims. Plaintiff therefore expects each payment to be approximately

11 $425. This is solidly in the middle range of statutory damages provided for under the FCRA, of

12 $100-$1,000. *See* 15 U.S.C. § 1681n(a)(1)(A). Furthermore, all class members will benefit from

13 the settlement because of the substantial practice changes which will improve the accuracy of

14 AppFolio's reports in the future and ensure that settlement class members can obtain their full

15 file disclosures without charge. Thus, this element supports final approval.

16       5.    The extent of discovery completed and stage of proceedings.

17       Courts consider the extent of discovery completed and the stage of the proceedings in

18 determining whether a class action settlement is fair, adequate and reasonable. *Shames v. Hertz*

19 *Corp.,* No. 07 CV-2174, 2012 WL 5392159, at *6 (S.D. Cal. Nov 5, 2012). This case settled only

20 after the completion of extensive discovery, including the exchange of substantial document

21 productions and additional data, third party discovery of AppFolio's data supplier, and

22 depositions. Entering mediation, both parties were well informed about the strengths and

23 weaknesses of their respective cases, and a settlement was only reached after discussions that

24 followed a formal mediation with the assistance of an experienced mediator, Rodney Max, and

25 continuing discussions that lasted several weeks. Plaintiff agreed to settle only because the

26 Settlement provides an excellent result for class members.

27

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 10
Case No. 3:17-cv-05771-RJB

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

6.      The experience of counsel supports final approval.

Where Class Counsel is qualified and well informed, their opinion that a settlement is fair, reasonable, and adequate is entitled to significant weight. *See Pelletz v. Weyerhaeuser Co.*, 255 F.R.D. 537, 543 (W.D. Wash. 2009). Here, counsel for Plaintiff are highly experienced class action litigators. Dkt. No. 49 at pp. 12-13; Dkt. No. 58, Ex. 1; Dkt. No. 59 at ¶¶ 2-10. Class Counsel believe the proposed settlement is fair, reasonable, adequate, and in the best interest of the Classes. *See* Soumilas Decl. ¶ 9.

7.      The presence of a governmental participant.

Consistent with the Settlement Agreement, the Settlement Administrator provided the required CAFA notice to the attorneys general of 50 states, as well as the U.S. territories and the District of Columbia's Corporate Counsel. Dkt. No. 61 at ¶ 3. Not a single government entity has objected to the settlement or sought to intervene. Thus, this factor weighs in favor of settlement approval. *See Garner v. State Farm Auto Ins. Co.*, No. CV 08 1365 CW (EMC), 2010 WL 1687832, *14 (N.D. Cal. April 22, 2010).

8.      The reaction of Settlement Class Members.

A positive class response to a settlement—as evidenced by a small percentage of opt-outs and objections—supports final approval. *See Pelletz*, 255 F.R.D. at 543-44; *Tadepalli v. Uber Techs., Inc.*, No. 15-CV-04348-MEJ, 2016 WL 1622881, at *8 (N.D. Cal. Apr. 25, 2016) (quoting *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d at 1043) (observing "the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members"). Out of over 240,000 Settlement Class Members, only 55 have opted out. Dkt. No. 61 at ¶ 13. Further, as discussed above, the only individual to follow the procedures for objecting to the settlement in fact appeared to request exclusion. Dkt. No. 56, 60. Additionally, no class member has objected to Plaintiff's request for attorneys' fees and costs.

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 11
Case No. 3:17-cv-05771-RJB

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

**C.     Settlement Class Members received the best notice practicable.**

In directing notice to Settlement Class Members, this Court determined that the proposed notice program in this case meets the requirements of due process and applicable law, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all individuals entitled thereto. Dkt. No. 56 at ¶ 6. This notice program was fully implemented by the Settlement Administrator, ALCS. *See generally* Dkt. No. 61.

The class notice and notice process approved by this Court and implemented by ALCS adequately informed Settlement Class Members of the nature of the action and these proceedings, the terms of the proposed settlement, the effect of the action and release of these claims, the right to exclude themselves from the action, and their right to object to the proposed settlement, as required for final approval of a class settlement under Federal Rule of Civil Procedure 23 and in compliance with *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 994 (9th Cir. 2010).

The notice program successfully reached Settlement Class Members. ALCS calculates that notice has reached over 97 percent of Settlement Class Members. Dkt. No. 61 at ¶ 11.

**D.     Plaintiff's request for an individual settlement and service award should be granted.**

The Settlement Agreement provides for, and Plaintiff now requests, an individual settlement and service award of $30,000, in recognition of his service to the Settlement Classes, and the broader release he is providing to AppFolio and the other released parties. Dkt. No. 50-1 at § 9.2. Such awards, which promote the public policy of encouraging individuals to undertake the responsibility of representative lawsuits, should be approved. *See Rodriguez*, 563 F.3d 948, 958–59 (9th Cir. 2009) (finding service awards may also be appropriate to "compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general."). The requested award here would compensate Plaintiff Leo for his contributions in stepping forward initially to bring this case and given his service and involvement as the sole Class Representative throughout the litigation. Mr. Leo actively

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 12
Case No. 3:17-cv-05771-RJB

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  participated in this litigation at all stages, including written discovery, sitting for his deposition,

2  during settlement negotiations, and was prepared to testify at trial. Furthermore, in addition to

3  the class claims, Mr. Leo has agreed to release Defendant from all claims he has against it and

4  its affiliates, which is unlike any other class member. Dkt. No. 50-1 at § 13.2. Plaintiff's support

5  of the settlement is independent of any service award and not conditioned on the Court awarding

6  any particular amount or any award at all. *See Radcliffe v. Experian Info. Solutions*, 715 F.3d

7  1157, 1164 (9th Cir. 2013) (finding incentive award must not "corrupt the settlement by

8  undermining the adequacy of the class representatives and class counsel").

9       Plaintiff's requested service award and individual settlement is appropriate and in line

10  with awards approved by this Court. *See, e.g., Pelletz v. Weyerhaeuser Co.*, 592 F. Supp. 2d

11  1322, 1329-30 & n.9 (W.D. Wash. 2009) (collecting decisions approving awards ranging from

12  $5,000 to $40,000).

13                                           **IV.   CONCLUSION**

14       For the foregoing reasons, Plaintiff respectfully requests that this Court (1) grant final

15  approval to the parties' proposed Settlement Agreement as fair, reasonable, and adequate, (2)

16  certify the proposed Settlement Classes for purposes of settlement, (3) approve an individual

17  settlement and service award of $30,000 to Plaintiff, and (4) enter final judgment in this case.

18       RESPECTFULLY SUBMITTED AND DATED this 8th day of July, 2019.

19                            TERRELL MARSHALL LAW GROUP PLLC

20

21                  By:   /s/ Erika L. Nusser, WSBA #40854
                      Beth E. Terrell, WSBA #26759

22                        Email:  bterrell@terrellmarshall.com
                      Erika L. Nusser, WSBA #40854

23                        Email:  enusser@terrellmarshall.com
                      Elizabeth A. Adams, WSBA #49175

24                        Email:  eadams@terrellmarshall.com
                      936 North 34th Street, Suite 300

25                        Seattle, Washington 98103-8869
                      Telephone: (206) 816-6603

26                        Facsimile: (206) 319-5450

27

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 13
Case No. 3:17-cv-05771-RJB

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

James A. Francis, *Admitted Pro Hac Vice*
Email:  jfrancis@consumerlawfirm.com
John Soumilas, *Admitted Pro Hac Vice*
Email:  jsoumilas@consumerlawfirm.com
Lauren KW Brennan, *Admitted Pro Hac Vice*
Email:  lbrennan@consumerlawfirm.com
FRANCIS & MAILMAN, P.C.
1600 Market Street, Suite 2510
Philadelphia, Pennsylvania 19103
Telephone: (215) 735-8600
Facsimile: (215) 940-8000

*Attorneys for Plaintiff*

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

<u>CERTIFICATE OF SERVICE</u>

I, Erika L. Nusser, hereby certify that on July 8, 2019, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system which will send notification of

such filing to the following:

Thomas J. Wybenga
Email: twybenga@seyfarth.com
SEYFARTH SHAW LLP
2029 Century Park East, Suite 3500
Los Angeles, California 90067
Telephone: (310) 201-7200
Facsimile: (310) 201-5219

Pamela Q. Devata
Email: pdevata@seyfarth.com
John W. Drury
Email: jdrury@seyfarth.com
SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

Steven H. Winterbauer
Email: mail@winterbauerdiamond.com
Nicholas Gillard-Byers
Email: mail@winterbauerdiamond.com
WINTERBAUER & DIAMOND PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
Telephone: (206) 676-8440
Facsimile: (206) 676-8441

*Attorneys for Defendant*

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    DATED this 8th day of July, 2019.

2                              TERRELL MARSHALL LAW GROUP PLLC

3                              By:    /s/ Erika L. Nusser, WSBA #40854
                                      Erika L. Nusser, WSBA #40854
4                                     Email:  enusser@terrellmarshall.com
                                      936 North 34th Street, Suite 300
5                                     Seattle, Washington 98103
                                      Telephone: (206) 816-6603
6                                     Facsimile: (206) 319-5450

7
                               *Attorneys for Plaintiff*
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27