THE HONORABLE ROBERT J. BRYAN

U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANTHONY JAMES LEO, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>APPFOLIO, INC.,<br><br>Defendant. | NO. 3:17-cv-05771-RJB<br><br>[~~PROPOSED~~] FINAL APPROVAL ORDER |

1.  This matter having come before the Court on Plaintiff's Motion for Final Approval of the proposed class action Settlement with Defendant AppFolio, Inc.; the Court having considered all papers filed and arguments made with respect to the Settlement, the Court finds that:

2.  The classes as defined in the Settlement Agreement and Addendum thereto[1] (the "Classes") are each so numerous that joinder of all members is not practicable, there are questions of law and fact common to the Classes, the claims of the Class Representative are typical of the claims of the Classes, and the Class Representative will fairly and adequately protect the interests of the Classes. Questions of law and fact common to the members of the

---

[1] Unless otherwise defined herein, all capitalized terms in this Order have the same meaning as in the Agreement.

[~~PROPOSED~~] FINAL APPROVAL ORDER - 1
Case No. 3:17-cv-05771-RJB

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  Classes predominate over any questions affecting only individual members, and a class action
2  is superior to other available methods for the fair and efficient adjudication of the controversy.

3       3.    Notice to the Classes required by Rule 23(e) of the Federal Rules of Civil
4  Procedure has been provided in accordance with the Court's Order Directing Notice to the
5  Classes, and such Notice has been given in an adequate and sufficient manner; constitutes the
6  best notice practicable under the circumstances; and satisfies Rule 23(e) and due process.

7       4.    The Settlement Administrator has timely filed notification of this settlement
8  with the appropriate officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28
9  U.S.C. § 1715. The Court has reviewed such notification and accompanying materials and
10 finds that the notification complies fully with the applicable requirements of CAFA.

11      5.    The Settlement Agreement was arrived at as a result of arms-length negotiations
12 conducted in good faith by counsel for the parties and is supported by the Class Representative.

13      6.    The Class Representative and Class Counsel, Terrell Marshall Law Group PLLC
14 and Francis & Mailman, P.C. have adequately represented the proposed Settlement Classes.

15      7.    The relief provided for the Settlement Classes is adequate, taking into account
16 the costs, risks, and delay of trial and appeal, and the effectiveness of the proposed method of
17 providing payments to Settlement Class members, including the method of processing class
18 members claims. Likewise, the terms of the proposed award of attorneys' fees and costs,
19 including timing of payment is reasonable and adequate.

20      8.    The proposed settlement treats members of the respective Settlement Classes
21 equally relative to each other.

22      9.    The persons listed on Exhibit A (under seal) hereto have validly excluded themselves from
23 the Settlement Class indicated in accordance with the provisions of the Order Directing Notice
24 to the Classes.

[PROPOSED] FINAL APPROVAL ORDER - 2
Case No. 3:17-cv-05771-RJB

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

10. The parties and each Class member have irrevocably submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute arising out of the Settlement Agreement.

11. It is in the best interests of the parties and the Class members and consistent with principles of judicial economy that any dispute between any Class member (including any dispute as to whether any person is a Class member) and any Released Person which in any way relates to the applicability or scope of the Settlement Agreement or the Final Approval Order should be presented exclusively to this Court for resolution by this Court.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

12. This action is a class action against Defendant on behalf of two classes of consumers defined as follows (the "Settlement Classes"):

> (a) 1681e(b) Settlement Class: All natural persons who, between September 27, 2015 and August 10, 2018: (i) were the subject of a consumer report prepared by Defendant which contained public record information that the person disputed with Defendant (the "Automatic Payment Group"); and/or (ii) were the subject of a consumer report prepared by Defendant which contained a public record or records where the first and/or last name on the public record(s) did not match character-for-character to the first and/or last name on the person's rental application (the "Claim Form Group");
>
> (b) 1681g Settlement Class: All natural persons residing within the United States and its territories who, from September 27, 2015 to August 10, 2018, made a request for their own information to Defendant and to whom Defendant sent a copy of a consumer report it had previously provided to a third party

13. The Settlement Agreement submitted by the parties is finally approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, reasonable and adequate and in the best interests of the Classes and the parties are directed to consummate the Settlement Agreement in accordance with its terms.

[PROPOSED] FINAL APPROVAL ORDER - 3
Case No. 3:17-cv-05771-RJB

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

14. This action is hereby dismissed on the merits, with prejudice and without costs.

15. As agreed by the parties, upon the Effective Date, Defendant and the Released Parties shall be released from the Released Claims in accordance with the terms of the Settlement Agreement.

16. Without affecting the finality of this judgment, the Court hereby reserves and retains jurisdiction over this settlement, including the administration and consummation of the settlement. In addition, without affecting the finality of this judgment, the Court retains exclusive jurisdiction over Defendant and each member of the Classes for any suit, action, proceeding or dispute arising out of or relating to this Order, the Settlement Agreement or the applicability of the Settlement Agreement. Without limiting the generality of the foregoing, any dispute concerning the Settlement Agreement, including, but not limited to, any suit, action, arbitration or other proceeding by a Class member in which the provisions of the Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action or proceeding arising out of or relating to this Order. Solely for purposes of such suit, action or proceeding, to the fullest extent possible under applicable law, the parties hereto and all Class members are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

17. Upon consideration of Class Counsel's application for fees and reimbursement of expenses, the Court shall enter a separate Order awarding reasonable fees and expenses in an amount to be set forth in that Order.

18. Upon consideration of the application for an individual settlement and service award, the Class Representative, Anthony J. Leo, is awarded the sum of Thirty Thousand Dollars ($30,000.00) in consideration of his individual claims against the Defendant and for the valuable service he has performed for and on behalf of the Classes.

[PROPOSED] FINAL APPROVAL ORDER - 4
Case No. 3:17-cv-05771-RJB

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

19. The Court finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay, and directs the Clerk to enter final judgment.

IT IS SO ORDERED.    18 July 2018

*[signature]*
UNITED STATES DISTRICT JUDGE

[PROPOSED] FINAL APPROVAL ORDER - 5
Case No. 3:17-cv-05771-RJB

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com